[No. 11068.   Department Two. — June 9, 1888.]

ORDER OF MUTUAL COMPANIONS, A CORPORATION, PLAINTIFF, *v.* ELIZA GRIEST AND ISRAEL COOK, EXECUTOR ETC. OF PETER GRIEST, DECEASED, RESPONDENTS.   MARY JANE COOK ET AL., APPELLANTS.

LIFE INSURANCE — MUTUAL BENEFIT ASSOCIATION — DESIGNATION OF NOMINEE FOR BENEFITS. — When the constitution of an association for mutual benefit provides that each member shall designate in writing some person as nominee for the benefits, and that upon the death of the member the nominee so designated shall receive a certain sum of money, the association is liable only to the nominee of a deceased member; and if there is no nominee, there is no legal liability to pay the money to any person.

ID. — VOID NOMINATION FOR BENEFITS — WILL — APPEAL — PARTY AGGRIEVED. — Where there is no legal liability of a mutual benefit association to pay life insurance money to any one, the heirs of a deceased former wife, who had been nominated for benefits, after her death, by the association, without designation in writing by the husband, are not legally aggrieved by a judgment of the court directing that insurance money, which the association is willing to pay without liability, shall be paid to the executor of the will of the deceased member. Appellants who have no interest or ownership in the money cannot complain if the court gave property not theirs to the wrong party. It should go, in good conscience, to the person designated by the will.

APPEAL from the judgment of the Superior Court of Sonoma County.

The facts are stated in the opinion of the court.

*J. H. McGee, J. T. Campbell,* and *W. F. Russell,* for Appellants.

*L. A. Norton,* and *A. B. Ware,* for Respondents.

McFARLAND, J.—Peter Griest, deceased, was at the time of his death a member in good standing of the corporation plaintiff, known as the Order of Mutual Companions. Before its incorporation there had been in existence another corporation of a somewhat similar character called the Sonoma and Marin Mutual Beneficial Association. The constitution of each of these corporations provided that each member should designate in writing some person as nominee for the benefits, and that upon the death of a member the nominee so designated by him should receive a certain amount of money according to class, etc., which, in the case of said Peter Griest, if there had been a nominee, would have been two thousand dollars. The nominee might also be changed by the member forwarding to the secretary an application upon a blank used for that purpose. Peter Griest had been a member of the Sonoma and Marin Association, and had designated as his nominee therein his then wife, Leah A. Griest. But that association was disincorporated by decree of court in December, 1882. During said year (1882) the plaintiff herein—the Order of Mutual Companions—was incorporated, and said Peter Griest became a member of it on December 28, 1882. A benefit certificate was issued to him at the last-named date, in which said Leah A. Griest was mentioned as nominee. But Mrs. Leah A. Griest had died in July, 1882, several months before he became a member of the corporation plaintiff, and he had not designated her, nor did he ever designate any other person, as his nominee in said corporation, or make any application for a change of nominee. In November, 1883, Peter Griest and the defendant Eliza Griest intermarried, and continued to be husband and wife until February

15, 1884, when said Peter Griest died. He left a will in which he bequeathed his "life insurance, amounting to two thousand dollars in the Order of Mutual Companions," to his surviving wife, the said Eliza Griest, and directed the officers of said order to substitute her name in the certificate, and to pay her the money. The defendant Israel Cook is the executor of the estate.

After the death of Peter Griest, his said executor demanded that plaintiff pay to him as executor the said two thousand dollars. The surviving widow, Eliza Griest, also demanded that said money be paid to her. The other defendants are children and grandchildren of the deceased wife, Leah A. Griest, and they demanded that the money be paid to them. Under these circumstances the plaintiff brought this action, and in its complaint, after stating the foregoing facts, admits its moral obligation and willingness to pay the money to whomsoever the court may direct it to be paid, and asks the court to determine by its judgment to whom the money shall be paid, and to relieve plaintiff from further liability or embarrassment in the premises. The court below rendered judgment that the executor of the estate of said Peter Griest take said money, to be distributed as the probate court may direct. From this judgment the defendants, children and grandchildren of said Leah A. Griest, deceased, appeal to this court.

It is somewhat difficult to see how either of the parties could have been legally "aggrieved" by any judgment that the court might have rendered. It seems to be admitted that the plaintiff was not legally liable to pay the money to anybody. It was liable only to the nominee of a deceased member; and in this instance there was no nominee. Peter Griest did not designate Leah A. Griest as his nominee; and if he had, such designation would have been a nullity, because there was no such person in existence. The appellants, therefore, as her heirs or representatives, had no interest in or ownership of the

money; and how can they be aggrieved, even if the court gave property (not theirs) to the wrong party? And, in good conscience, they are not entitled to it, because Peter Griest intended it to go to another person. If he had designated his living wife as nominee in the proper way, instead of relying upon an expression of his desire in his last will and testament, there would have been no difficulty in legally consummating his intention. But under any view, we do not see how a better conclusion could be arrived at than the one reached by the court below, namely, that the money should go, in the first instance, at least as part of the estate, to the executor. And this is so, certainly, as against the appellants; for the surviving wife, Eliza Griest, does not appeal.

Judgment is affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.