CARL HALLE ET AL. V. DISTRICT GRAND LODGE No. 2, I. O. B. B.

1. BENEFIT ASSOCIATIONS MAY LIMIT PAYMENT OF BENEFITS TO PARTICULAR HEIRS.

Although members of mutual benefit associations cannot designate as beneficiaries persons outside the classes specified in the statutes regulating such associations, they may limit the payment of benefits within the classes designated by law. Hence, a benefit association organized under 69 O. L. 82, which provides for the formation of such associations "for the purpose of mutual protection and relief of members, and for the payment of stipulated sums of money to the families or heirs of deceased members," may provide, by by-law that in case a member fails to make any designation as to whom his endowment shall be paid, it shall be paid to his wife, or if there is no wife, to his children or grandchildren, and in case there be none such, then no endowment shall be paid.

2. BY-LAW OF BENEFIT ASSOCIATION DISPOSING OF ENDOWMENT OF DECEASED MEMBER IN DEFAULT OF CERTAIN HEIRS, VALID.

Where the by-laws of a mutual benefit association require a member to designate a beneficiary and upon his failure to do so provide that the benefits shall be paid to certain heirs in an order named, there being no such heirs as are specified in the by-laws, the association has the right to designate what shall be done with the endowment.

ERROR to the court of common pleas.

S. A. Grossner and H. Prousser, for plaintiffs.

Horr & Loewenthal, for defendant.

WINCH, J.

Carl Halle, Manuel Halle, Moses Halle, Bertha Goldsmith, Regina Rheinhard, Caroline Skall and Minnie Goldsmith, alleging that they are the sole heirs at law of Aaron Halle, deceased, brought their action in the court below against District Grand Lodge No. 2, I. O. B. B., to recover certain benefits which they claimed to be due from said lodge, alleging that the lodge is a corporation organized under the laws of the state of Ohio for the purpose of mutual protection and relief of its members and for the payment of stipulated sums of money to the families or heirs of deceased members of such association, and that it has certain powers, etc.

The language of the allegations regarding the objects of the order

is taken from the act of April 20, 1872 (69 O. L. 82). Although this act has been amended since 1872, we have taken it that the original act controls in this case, as there is no allegation or proof that subsequent amendments of the law have been taken advantage of by the association.

The petition states that Aaron Halle became a member of the defendant association in 1874 and remained such until his death in 1897; that in 1874 he became a participating member of its covenant and endowment fund, paid all dues and assessments, and died on April 23, 1897, at Cleveland, in good standing, never having designated who should be his beneficiary, and leaving no widow, nor children, nor grandchildren. Due notice of his death was given and proof thereof was made according to the printed rules and regulations of the order.

Section 11 of the by-laws of the order provides in substance that each member shall make a designation as to whom his endowment money shall be paid at his decease.

Section 12 of the by-laws provides who may be thus designated, to wit: "A member or members of his family, blood relatives, or a dependant or dependants of such participating member, or charitable or benevolent institutions or associations, including a lodge of this order for some specific benevolent purposes."

Section 13 of the by-laws construes the designation "wife and children" or "family," and provides who shall receive the benefits upon the prior decease of a designated beneficiary and directs upon the prior death of all designated beneficiaries the money shall pass to the emergency fund under Sec. 18 of the by-laws and be controlled by the provisions of said section, and, if not distributed thereunder, shall lapse and become a part of the reserve fund.

Section 14 of the by-laws provides that in case a member fails to make any designation as to whom his endowment shall be paid, the endowment shall be paid to his wife, and, in case there be no wife, then to his children, then to his grandchildren, and in case there be no wife, children nor grandchildren, no endowment shall be paid, subject, however, to the provisions of Sec. 15 of the by-laws.

Section 15 provides that any member who may be a member of a home for aged or infirm or of any similar charitable institution may designate such home or institution as a beneficiary, and shall not be entitled to make any change, etc.

Section 18 provides that in any case where there may be no one entitled to demand payment as beneficiary on the death of any member, the trustees of the endowment fund may pay over the endowment on

such death, or such part thereof as they may deem advisable, into a fund which shall be known as the emergency fund, and the trustees are empowered to pay from that fund to such members of the family or blood relatives of the deceased member so dying without valid designation of such charitable institution which may have assisted him, as the trustees may deem worthy of relief, and any portion of said fund not so applied by the trustees shall lapse and pass into and become part of the reserve fund. A reserve fund is provided for in Sec. 9, from which endowments shall be paid whenever they exceed the current receipts.

A general demurrer to the petition was sustained by the common pleas court.

Attention is called to the fact that the plaintiffs claim to be the sole heirs at law of the decedent member, but they do not claim to be the wife, children or grandchildren, or any of the heirs at law designated in the by-laws as entitled to be beneficiaries under the designation of members.

It is contended by plaintiffs that Aaron Halle having died without designating any beneficiary, they are entitled to his endowment because the law under which the order is organized provides that it may pay "stipulated sums of money to the families or heirs of deceased members," and that they are the heirs of Aaron Halle within the purview of said statute, and he had no family. They claim that the law and the by-laws of the order make a contract in their favor, and that the by-laws of the order cannot be in conflict with the law, and if they are, the statute prevails. They claim that in so far as the by-laws limit the payment of benefits, upon failure of designation, to certain heirs, excluding nephews and nieces, for instance, such as plaintiffs are, the by-laws are invalid.

It is well settled in this state that the scope of the by-laws cannot be *greater* than that of the law. State v. Mutual Benefit Assn. 42 Ohio St. 579.

The authorities cited by counsel for plaintiff hardly bear out their contention that the association cannot decline to take the benefit of the whole law, and cannot limit the classes who may be designated by the members as beneficiaries or who may receive benefits where no valid designation is made. They are rather in line with the case above referred to, for instance:

In the case of the Supreme Council American Legion of Honor v. Perry, 5 N. E. Rep. 634 [140 Mass. 580], under a statute authorizing

the creation of corporations, for the purpose of assisting the widows, orphans, or other relatives of deceased members or persons dependent upon deceased members, it was provided in the by-laws that in the event of no designation the benefit was to go to the dependent heirs of the deceased member, and it was held that a member could not direct by will that a person not within the class contemplated by the statute should receive the benefit of a certificate issued to him, even if the terms of the certificate permit such disposition to be made. In this case the benefit fund was bequeathed by the member to a person to whom he was engaged to be married, but to whose support he had contributed nothing and who was not dependent upon him.

In the case of Britton v. Supreme Council, 18 Atl. Rep. 675 [46 N. J. Eq. 102], the same law of Massachusetts was under consideration, and the court held that a member could not designate a creditor in no wise related to or dependent upon him as his beneficiary, and having done so, there was such failure to designate that the fund would go to the "legal heirs" mentioned in the by-laws, who were construed to be the next of kin of the member.

In the case of Alexander v. Parker, 33 N. E. Rep. 183 [144 Ill. 355; 19 L. R. A. 187], the statute regulating the organization of such corporations "for the purpose of assisting the widows, orphans, or other persons dependent upon deceased members," and the by-laws providing for the payment of benefits to a member's wife, children, etc., and lastly, to any other person dependent upon him, it was held that a member could not designate as his beneficiary his affianced wife who was not dependent upon him.

To the same effect is the case of Baldwin v. Begley, 56 N. E. Rep. 1065 [185 Ill. 180], where the claimant was a niece of the deceased member's wife, and the by-laws provided for the payment of benefits only to the families, heirs, blood relatives, affianced wife of, or persons dependent upon the member.

We are satisfied that while members of mutual benefit associations cannot designate as beneficiaries persons outside the classes specified in the statutes regulating such associations, and while such associations cannot provide for the payment of benefits to persons outside the classes mentioned in the statutes, such associations may limit the payment of benefits within the classes designated by law. If the law provides that benefits may be paid to heirs, generally, the by-law may specify what heirs and limit and restrict the beneficiaries to certain heirs.

Defendant claims not only that plaintiffs are not the wife, children

or grandchildren of the deceased member, within the meaning of the by-laws, and so not entitled to any benefits, but that there being no wife, children or grandchildren, all benefits have lapsed and it is indebted to no one by reason of the endowment membership of Aaron Halle. Plaintiffs claim that the by-laws providing for the lapsing of benefits are invalid, being contrary to the spirit of the statute and in an indirect manner provide for the payment of benefits to institutions beyond the purview of the statutes. We do not see how plaintiffs' claims to the fund are bettter established by showing that some other payment provided for under the by-laws is unlawful.

If plaintiffs have no right to the fund that settles this case, whether the association may afterwards make unlawful use of the money or not. Order of Mutual Companions v. Griest, 18 Pac. Rep. 652 [76 Cal. 494].

By-law 14 provides that if there is no wife and no children or grandchildren, no endowment shall be paid, subject to the provisions of Sec. 15 authorizing the *member* to designate a charitable institution as his beneficiary. Section 18 directs that in any case where there may be no one entitled to demand payment as beneficiary the money may be paid into the emergency fund, from which payments may be made to needy members of the deceased member's family, blood relatives, or a charitable institution, if the trustees deem them worthy, and any portion not so paid by the trustees shall lapse and go into the reserve fund, from which other endowments are paid when the receipts are inadequate for their payment.

The authorities seem to hold that where the by-laws of a mutual benefit association require the member to designate a beneficiary, and upon his failure to do so, provide that the benefits shall be paid to certain heirs in an order named, upon failure of the member to designate a beneficiary and there being no such heirs as are specified in the by-laws, the order has the right to designate what shall be done with the endowment. Arthur v. Beneficial Assn. 29 Ohio St. 557, 560; Hellenberg v. District No. 1, 94 N. Y. 580; Maryland Mut. Ben. Soc. v. Clendinen, 44 Md. 429; Order of Mutual Companions v. Griest, 18 Pac. Rep. 652 [76 Cal. 494]; Eastman v. Mutual Relief Assn. 62 N. H. 555; Loewenthal v. District Grand Lodge No. 2, 49 N. E. Rep. 610 [19 Ind. App. 377].

Following these authorities we find that the demurrer was properly sustained, and there is no error.

Judgment affirmed.