[Sac. No. 4756. In Bank.—July 31, 1933.]

FRANK B. WALKER, Respondent, v. HENRY A. HANSEN, as Trustee, etc., et al., Defendants; FIDELITY PHILADELPHIA TRUST COMPANY (a Corporation), Appellant.

Marc. F. Morrison for Appellant.

A. W. Hill and Casper N. Torp for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff in an action to quiet title. The defendant Fidelity Philadelphia Trust Company, trustee of the estate of Thomas A. Scott, deceased, is the sole appellant.

The complaint alleged title and possession in and to numerous parcels of land in township 1 south, range 2 west, H. M., in Humboldt County. The appellant filed an answer and a cross-complaint seeking to establish the right in the estate in and to oil, gas and mineral rights in certain lands described in the complaint, lying south of a line running easterly and westerly through the center of sections 15 and 16 in said township.

The plaintiff proved record title and possession in himself and his predecessors in interest and the court found the allegations of the complaint to be true. The court also found the allegations of the cross-complaint to be untrue and quieted the plaintiff's title as against the claims of the trustee of the Scott estate.

Other points are discussed in the briefs, but it is at once apparent that the subject matter of the controversy on this appeal is *res judicata*.

In January, 1915, J. C. McFarland, as the administrator with the will annexed of the estate of Thomas A. Scott, deceased, commenced an action in Humboldt County to quiet the title of the estate of Scott in and to said oil, gas and

mineral substances as against the predecessors in title of the plaintiff herein. Judgment was entered in favor of the defendants in said action. On appeal the judgment became final by affirmance thereof in April, 1919. (*McFarland* v. *Walker*, 40 Cal. App. 508 [181 Pac. 248].) Said final judgment was interposed as a defense to the claim of the cross-complainant herein. The court found that the oil, gas and mineral rights described in the cross-complaint were included in the same rights asserted and involved in the prior action and that the plaintiff herein is the successor in interest and title of the defendants in the former action. These findings are conclusively supported by the record. While the plaintiff in the former action was the administrator of the estate and the appellant is the trustee, both were the representatives of the real party in interest, viz., the estate of Thomas A. Scott. We therefore find this case to be squarely within the rule declared by section 1908 of the Code of Civil Procedure and the many cases affirming the same doctrine. (*Estate of Clark*, 190 Cal. 354 [212 Pac. 622]; 15 Cal. Jur., p. 95 et seq.)

The fact that the plaintiff also alleged title by adverse possession did not preclude him from relying on the record title and possession as complete proof of his title. During the trial counsel for the plaintiff announced to the court that the plaintiff was not relying on title by adverse possession, and the court recognized that the rule in such cases was not applicable to the facts presented and relied upon by the plaintiff. This condition of the record makes it unnecessary to discuss the question of whether the plaintiff's title by adverse possession was established.

The judgment is affirmed.

Seawell, J., Thompson, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.