[Civ. No. 9476.   Second Appellate District, Division Two.—April 9, 1935.]

COUNTY OF LOS ANGELES, Respondent, v. J. MARGULIS et al., Defendants; METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK (a Corporation), Appellant.

Mills, Hunter & Dunn, C. R. Liljestrom and Edward C. Mills for Appellant.

Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondent.

FRICKE, J., *pro tem.*—Appeal by Metropolitan Casualty Insurance Company of New York from a judgment against defendants.

Defendants Margulis and Stulman subdivided a tract of land in unincorporated territory of the County of Los Angeles and prepared a map or plat thereof showing the lots, parcels, streets and certain avenues and alleys which were to be devoted to public use, which map contained a certificate of dedication of the streets, avenues and alleys. On July 29, 1926, the County of Los Angeles entered into an agreement with Margulis and Stulman as the other party, and called the "contractor", whereby in consideration of the acceptance by the board of supervisors of the highways offered for dedication the contractor agreed to improve certain named streets and build a storm drain, the work to be at the expense of the contractor and to be under the supervision and to the satisfaction of the road commissioner of said county. It was further agreed that the contractor had filed with the county a bond in a sum not less than one-half the amount payable by the terms of the contract, to secure the claims for labor and material, and a bond in similar amount for the faithful performance of the contract.

Neither the contract nor the bond sued on purport to set out the estimated cost of the project, but the complaint alleges such cost to be $31,293.62. On about July 26, 1926, appellant executed and delivered to Los Angeles County the bond to secure the faithful performance of the contract, in the penal sum of $15,650. Though extensions of time were granted the contractor, it appears that only a small amount of the improvement work was ever done, and that the work called for by the agreement and which the contractor failed to perform was of the reasonable value of $28,582.78. While claiming damage in this amount for the breach of the contract, the county was limited in its recovery against the surety to the sum of $15,650, the amount of the bond. The court, on the evidence of plaintiff, no proof being offered by defendants, gave judgment for plaintiff in the sum of $15,650.

The same points urged by appellant against the judgment here were raised by its objection to the introduction of any evidence because the complaint failed to show any cause of action.

 As to the point that there was no evidence of the reasonable cost of the uncompleted work, the record discloses evidence that the estimated cost of the entire work amounted to $31,293.62, and that of the value of $2,710.84 had been performed, leaving a balance of $28,582.78 as the cost of the uncompleted work. While the testimony as given referred to the ''cost'', and the term ''reasonable cost'' was not used by the witness, in the absence of evidence to the contrary this tended to prove and was some evidence of the reasonable cost and sufficiently established the reasonable cost. (*Bacigalupi* v. *Phoenix etc. Co.*, 14 Cal. App. 632, 637 [112 Pac. 892].)

 Appellant claims that the finding that the county was damaged in any sum is unsupported. The contract provided for the improvement of certain streets, avenues and alleys and the installation of a storm drain. Upon the acceptance by the county of the highways offered for dedication the county became liable for any injuries to person or property which might result from their dangerous or defective condition, a condition which would not exist if they were improved in accordance with the contract. Under the contract the county was entitled to have these highways so

improved, and this right was of a value equal to the cost of the work. The contract having been breached by a failure to perform, the county was entitled to a sum equal to the cost of the uncompleted portion of the work; and the county was not required to complete such work before it was entitled to recover damages. (*Taylor* v. *Northern Pacific R. R. Co.*, 56 Cal. 317; *Charles City* v. *Rasmussen*, 210 Iowa, 841 [232 N. W. 137, 72 A. L. R. 638]; *Clark* v. *Barnard*, 108 U. S. 436 [2 Sup. Ct. 878, 27 L. Ed. 780]; *Turner* v. *Howze*, 28 Cal. App. 167 [151 Pac. 751]; *Ceremony* v. *Drummond*, 37 Cal. App. 446 [174 Pac. 696].) Under the contract the county was entitled to receive work of a certain value. This work not having been received, the county was entitled to receive in lieu thereof as damages a sum of money equal in value to the uncompleted work which the contract called for, and appellant as surety was liable under its bond up to the penal sum therein specified.

Appellant urges that the bond and contract are void in that they are in violation of sections 1670 and 1671 of the Civil Code because they amount to an agreement to pay a specified sum as liquidated damages, whereas under the facts here the ascertainment of actual damage is not impracticable or extremely difficult. This contention results from a misinterpretation of the agreement. There was under the contract and bond no stipulated sum or fixed unit of damage. The contractor agreed to do certain work and the bond insured the faithful performance of the work. The amount of this bond agreed to be furnished by the contractor was "not less than one-half of the amount payable by the terms of this contract", and it will be noted that the bond for $15,650 is practically one-half the sum of $31,293.62, shown by the evidence as the estimated cost of the entire work. Nowhere in either the contract or the bond was there a sum agreed upon as the stipulated measure of damages. Judgment was up to the full penal sum of the bond because the damage exceeded that amount. A contract to perform certain work secured by a faithful performance bond in a specified penal sum does not amount to an agreement for liquidated damages. (*Weinreich E. Co.* v. *A. J. Johnston Co.*, 28 Cal. App. 144 [151 Pac. 667]; *Davis* v. *Gillett*, 52 N. H. 126, 128, 129; 17 C. J. 951.) The authorities cited by appellant are not in point, for they are cases in

which the parties agreed to specific sums as liquidated damages, while here no such agreement exists.

■ Appellant raises the point that the board of supervisors had no authority to enter into the contract or to require such a bond. Appellant seems to assume that the bond and contract were in consideration of permission to file the map of the subdivision. The actual consideration, set forth in the contract, is "the acceptance by the board of supervisors of the highways offered for dedication" and the assumption of the liability, hereinbefore referred to, which comes with the establishment and maintenance of public highways. This acceptance was one which the board could make or refuse. Having agreed to accept the highways, the board could very properly insist that they be improved, and that such improvement be assured by a surety bond. The offer of the contract and bond by the subdividers and surety company was accepted by the board when the contract and bond were filed with it, and the latter adopted an order accepting the specified highways for public use as public highways.

We find no merit in the appellant's contentions and the judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 6, 1935.