[Civ. No. 17608.   Second Dist., Div. Three.   Jan. 24, 1951.]

CHARLES S. KELLOGG et al., Respondents, v. WILLIAM G. CURRY, SR. et al., Appellants.

Emmett E. Patten and Glen A. Duke for Appellants.

John N. McKenna, Jacob Chaitkin and C. M. Linton for Respondents.

WOOD (Parker), J.—Defendants appeal from judgment for plaintiffs in this action to quiet title to money.

On April 14, 1948, defendants, after having had conversations with Glenn K. Wise, a real estate broker who allegedly was agent for plaintiffs, agreed to purchase a house and lot for $6,250 and on that day they deposited $100 with the broker as part of the purchase price. On April 15, 1948, the record title to said property was in the name of the broker. On April 19, 1948, the defendants signed escrow instructions and entered into an escrow pertaining to said purchase of the property. The instructions stated, among other things, that defendants handed the escrow agent $1,200 and they would pay $5,000 on or before the close of escrow, all of which the agent was authorized to use and deliver provided on or before 30 days from date instruments have been recorded entitling the agent to secure usual standard form policy of title insurance issued by Title Insurance & Trust Company with liability of $6,250 on said property showing title vested in defendants. At the place on the printed form of instructions provided for the seller's signature the broker wrote as follows: "Glenn K. Wise as trustee for Charles S. Kellogg and Ruth L. Kellogg." Plaintiffs did not sign the instructions.

The court found that on said April 14th and 19th Wise was acting for plaintiffs as their agent and trustee; that defendants paid $1,200 into escrow; that Wise was the owner of the escrow company and received the $1,200 as escrow agent for the plaintiffs and defendants; that "at all times after April 14, 1948, and for more than 30 days after April 19, 1948, the sellers [plaintiffs] were ready, willing and able to perform said agreement of sale"; that on April 25, 1948, the defendants notified the plaintiffs that they refused to perform under said agreement of sale and purchase and that thereafter they failed and refused to perform said agreement.

The defendant filed a cross-complaint against plaintiffs and Wise wherein they sought to rescind the agreement of sale upon the ground that plaintiffs and Wise made false and fraudulent representations concerning the property. It was

alleged therein, in part, that cross-complainants asked cross-defendants (1) whether the house was infested with termites, and (2) whether the garage was of sufficient size for cross-complainants' automobile; that cross-complainants stated to cross-defendants that the house and garage would have to be painted by the sellers in a workmanlike manner with first-class paint, and if it was not so painted the cross-complainants did not wish to buy the property. It was also alleged therein that cross-defendants "assured" cross-complainants that the house was free of termites, that the garage was large enough to accommodate cross-complainants' automobile, and that the building would be painted in a workmanlike manner with good paint. It also was alleged therein that the house and garage were infested with termites; that the garage was about 2 feet too short to accommodate cross-complainants' automobile; that the paint applied to the house and garage was of inferior quality and the workmen who applied it were unskilled.

The court also found that none of the cross-defendants made any representations to cross-complainants as to the presence or absence of termites in any of the buildings on the property; that none of them made any representations to the effect that the garage would accommodate cross-complainants' automobile, or made any representations that "the house was to be painted in any other manner than it was painted or as the painting had been then completed." The court also found that the defendants withdrew from the escrow and refused to perform said agreement to purchase "for reasons stated by them that they no longer needed a house and had made other arrangements for living purposes," and that defendants did not withdraw from the escrow "because of fraud or fraudulent misrepresentations by anyone."

About two weeks after the 30-day escrow term had expired, the plaintiffs herein or Wise sold the property to other persons for $6,500.

Appellants (defendants) contend that plaintiffs cannot quiet title to the money in escrow because they had no title to it. They argue that a deposit in escrow is conditional and title remains in the depositor until the conditions under which it was deposited have been fulfilled; that plaintiffs were not entitled to the money in escrow for the reason there was no forfeiture clause in the escrow instructions; and that since the property was resold to a third person within six weeks after this escrow was opened, for more than the contract

price herein, the plaintiffs were not damaged and should not have the aid of the court to enforce a forfeiture.

It was alleged in the complaint that on April 14, 1948, defendants, Mr. and Mrs. Curry, deposited with Wise (the agent of plaintiffs) $100 on account of the purchase price of the property, and that on April 19th they deposited in escrow the additional sum of $1,100. The escrow instructions recited that the money deposited in escrow was deposited conditionally, and (as above stated) that the escrow agent was authorized to use and deliver it provided the conditions were performed. ■ Under the standard form of escrow instructions which provide for the exchange of money and a deed upon stipulated conditions, the buyer retains ownership of the money and the seller retains ownership of his deed and title to his property. ■ The escrow holder acts as agent of the buyer as to the money and as agent of the seller as to the deed until the stipulated conditions have been met. When performance has been rendered by each party the escrow holder then becomes the agent of the seller as to the money and the agent of the buyer as to the deed. ■ Failure of performance on the part of either party does not accomplish a transfer of title. ■ If the buyer, having deposited money in escrow, fails to deposit the balance in accordance with the agreement, the money he has deposited does not *ipso facto* become the property of the seller. In *Hastings* v. *Bank of America*, 79 Cal.App.2d 627 [180 P.2d 358], the plaintiffs (sellers) sought unsuccessfully to quiet title to money deposited in escrow by the buyers of real property. The sellers therein extended the term of the escrow, and while the buyers were still endeavoring to raise the additional money required by the escrow the sellers sold and conveyed the property to a third person. The court said therein at page 629: "The payment of that deposit and the delivery of the deed were mutually dependent upon each other. The title to the money remained in appellants, and after July 22, 1944 [the original expiration date of the escrow], they were entitled to withdraw it even though they were liable in damages for failure to complete the transaction as provided by the terms of the escrow. [Citing case.] The title to money deposited in escrow to be paid to the vendor of property does not pass until all conditions of the escrow have been fulfilled." A buyer's agreement that his money shall be paid to the seller for a deed is not, of course, an

agreement that it shall be paid to the seller in case of the buyer's default. Of course, an escrow agreement may incorporate additional provisions defining the rights of the parties with respect to the deposited money in the event of the buyer's default. The purposes of the widely used escrow arrangement would be largely defeated if the default of one party or the other would work a forfeiture of the property he has deposited into escrow, in the absence of an agreement that he should suffer that loss. To hold that the money in question here became the property of plaintiffs would amount to a rewriting of the agreement with respect to the sum of $1,100. ■ The plaintiffs did not perform the conditions of the escrow instructions on their part to be performed. They did not deposit their deed or a policy of title insurance as required by the instructions or at all. In view of the fact that the title to the property stood of record in the name of Wise, and that Wise purportedly was acting in several different capacities in the transaction, it was especially important and material herein that plaintiffs perform the conditions on their part to be performed. It is to be noted that plaintiffs did not sign any documents in connection with the transaction, and that Wise assumed to act as real estate agent for plaintiffs, as trustee for them in signing the escrow instructions, as escrow holder, and as an individual interested in the proceeds of the sale as a creditor of plaintiffs. Under such circumstances, in this proceeding in equity to quiet title, it cannot properly be said that it would have been a useless act for plaintiffs to perform the conditions required of them by the escrow agreement. The deposit receipt, given to defendants Mr. and Mrs. Curry on April 14th (prior to the escrow agreement of April 19th), provided for retention by the sellers of the money paid and also that one-half of the deposit should be applied on the real estate agent's commission but not to exceed the full amount of the commission, $312.50. The sum of $100, having been paid to the sellers on the contract, was not recoverable by defendants. (*Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1, 11, 12 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199].) The escrow instructions contained no provision with relation to the deposit of $1,100 in the event of the buyers' default. That sum was not to be retained as liquidated damages or as security for any loss the seller might sustain, nor was there any agreement that it would be forfeited to the sellers. While such an agreement is not necessary to enable the sellers to retain the $100 they

received on the contract in the event of the buyers' default, they cannot lay claim to money deposited in escrow except upon the terms stipulated in the buyers' instructions. In the case of *Wilson* v. *Security-First Nat. Bank,* 84 Cal.App.2d 427 [190 P.2d 975], relied upon by plaintiffs herein, the seller had performed fully the conditions on her part to be performed. Also, it does not appear therein that the buyer proved that the seller's damage was less than the amount the buyer had paid. (See *Baffa* v. *Johnson,* 35 Cal.2d 36, 40 [216 P.2d 13].)

It was not alleged in the complaint that plaintiffs were the owners of the money on deposit, but it was alleged only that the money was being held in escrow and that defendants Mr. and Mrs. Curry claimed some interest in it inconsistent with the claims of plaintiffs. It was not alleged that plaintiffs deposited a deed into escrow or furnished a policy of title insurance as called for in the instructions, nor that they were ready, able and willing to render performance. The deposit receipt and the escrow instructions were incorporated in the complaint by reference. No facts were alleged in the complaint which would entitle plaintiffs to a judgment for money or to a decree quieting their title to the sum of $1,100 on deposit.

Plaintiffs failed to establish any right to the $1,100. Defendants Mr. and Mrs. Curry, by their cross-complaint, sought a judgment for the return of their money and for other relief. They stated therein a cause of action for relief upon the ground of fraud, but the findings as to those allegations were against them, and the evidence was legally sufficient to support the findings. They were entitled, however, to judgment for the said $1,100 as against the plaintiffs and cross-defendant Wise.

The judgment is reversed with instructions to the superior court to render judgment in favor of defendants and cross-complainants William G. Curry, Sr., and Alice H. Curry against plaintiffs and cross-defendants Charles S. Kellogg and Ruth L. Kellogg and against cross-defendant Glenn K. Wise for said $1,100 and for costs incurred in the trial court. Appellants also to recover costs on appeal. The purported appeal from the order denying motion for a new trial is dismissed.

Shinn, P. J., and Vallée, J., concurred.