[S. F. No. 18081. In Bank. May 18, 1951.]

HOMER A. NORRIS et al., Respondents, v. SAN MATEO COUNTY TITLE COMPANY (a Corporation), Defendant; EMIL J. RIBARSKY et al., Appellants.

270

P. H. McCarthy, Jr., F. Nason O'Hara and Herbert S. Johnson for Appellants.

Norman S. Menifee for Respondents.

TRAYNOR, J.—Plaintiffs brought this action against the San Mateo County Title Company and defendants Ribarsky to recover a $2,000 down payment made by the Ribarskys under a contract for the purchase of real property from plain-

tiffs Norris. The down payment was paid to plaintiffs Keeler and Chance, the Norrises' agents in negotiating the sale of the property. The agents deposited the down payment with the escrow holder, San Mateo County Title Company. The trial court entered summary judgment for plaintiffs based on the affidavit of plaintiff Chance and the judgment roll of a previous action between the parties. It was stipulated that the trial court could consider the judgment roll in ruling upon the motion for summary judgment. Defendants Ribarsky have appealed.

The affidavit in support of the motion for summary judgment avers the following facts: Defendants Ribarsky signed a deposit receipt in which they agreed to purchase the property for $20,000. They paid $2,000 down and agreed to pay the balance within 45 days. Plaintiffs Norris accepted the contract and agreed to pay plaintiffs Keeler and Chance a 5 per cent commission, or in the event of default, one half the down payment. The deposit receipt provided that "In case said purchaser shall fail to pay the remainder of said purchase price or complete said purchase as herein provided, the amounts paid hereon shall, at the option of the Seller be retained as liquidated damages." Plaintiff Chance deposited the down payment with the San Mateo County Title Company, pursuant to authorization of defendants Ribarsky, together with a deed "duly executed by plaintiffs NORRIS and escrow instructions in conformity with the aforesaid deposit receipt duly executed by plaintiffs NORRIS." Plaintiffs Norris complied with all the terms and conditions of the deposit receipt, but defendants Ribarsky refused to make any further payment under the contract. The affidavit concludes "That said sum of Two-Thousand Dollars ($2,000.00) remains and is on deposit with defendant SAN MATEO COUNTY TITLE COMPANY; that plaintiffs NORRIS are entitled to the whole of said sum, . . . and that plaintiffs KEELER and CHANCE . . . are entitled to be paid one-half (½) of said sum."

Defendant Emil J. Ribarsky filed an affidavit in opposition to the motion for summary judgment averring the following facts: Defendants were induced to make the down payment under the terms of the deposit receipt by the promise of plaintiffs Keeler and Chance to sell property owned by defendants. By this sale of their own property, defendants intended to secure the funds necessary to perform their contract with the Norrises. Plaintiffs Keeler and Chance did not, however,

effect a sale of defendants' property, and as a result of their failure to perform their promise, defendants were damaged in the sum of $2,000.

It appears from the judgment roll in the previous action that after the Ribarskys' refusal to perform their contract, plaintiffs Norris brought an action for damages for breach of contract. The Ribarskys filed a cross-complaint against the Norrises and Keeler and Chance. They alleged that they had been induced to enter into the contract as a result of fraudulent promises by Keeler and Chance that they would sell property owned by the Ribarskys to enable the latter to purchase the Norris property. They further alleged that it was understood that the contract between the Norrises and Ribarskys would be void if Keeler and Chance were unable to sell the Ribarsky property, and that the down payment would then be refunded to the Ribarskys. The cross-complaint also pleaded a cause of action against Keeler and Chance for breach of contract to sell the Ribarsky property.

The trial court in the previous action entered judgment for defendants Ribarsky on the complaint for damages for breach of contract on the ground that plaintiffs failed to prove that they suffered any damage as a result of the breach. It entered judgment against the Ribarskys and in favor of the Norrises and Keeler and Chance on the cross-complaint, based on findings that the allegations with respect to the collateral agreement to sell the Ribarsky property were not true. The judgment failed to make any disposition of the $2,000 that had been deposited with the San Mateo County Title Company.

It is clear from the judgment in the previous action that plaintiffs Norris have no right to recover damages from defendants for breach of contract, and that defendants have no right to damages against plaintiffs Keeler and Chance and no right to restitution against plaintiffs Norris. The rights of all the parties were put in issue and litigated. The judgment entered, having become final, conclusively establishes that none of the parties is entitled to any recovery against any of the others. (*Sutphin* v. *Speik*, 15 Cal.2d 195, 201-203 [99 P.2d 652, 101 P.2d 497]; *Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892]; Code Civ. Proc., § 1908.)

The previous judgment did not adjudicate the title to the $2,000 down payment held by the San Mateo County Title Company. Since it did determine, however, that none of the parties was entitled to recover from any of the others, it is clear that whoever had title to the deposit at the time of

the previous action still retains that title and may recover the money from the title company.

■ Under the standard form of escrow instructions, which provide for the exchange of money and a deed upon stipulated conditions, the vendee retains title to the money until the conditions have been performed. (*Hildebrand* v. *Beck,* 196 Cal. 141, 145-146 [236 P. 301, 39 A.L.R. 1076] ; *Kellogg* v. *Curry,* 101 Cal.App.2d 856, 859 [226 P.2d 381] ; *Hastings* v. *Bank of America,* 79 Cal.App.2d 627, 629 [180 P.2d 358].) ■ In the present case, however, the down payment was not deposited in escrow by the vendees pursuant to escrow instructions. It was paid to the vendors' agents pursuant to the deposit receipt as the initial payment to the vendors in performance of the contract, and title to it vested in the vendors when they accepted the contract. (*Tuso* v. *Green,* 194 Cal. 574, 583 [229 P. 327] ; *Kellogg* v. *Curry,.* 101 Cal. App.2d 856, 860 [226 P.2d 381] ; *Landfield* v. *Cohen,* 89 Cal.App.2d 177, 179 [200 P.2d 149].) ■ Since any right the vendees may have had to recover the excess of the down payment over the damages caused by their breach is foreclosed by the previous judgment, the vendors may retain the entire down payment.

■ The summary judgment is erroneous, however, in awarding plaintiffs a personal judgment against defendants Ribarsky for $2,000. Just as the previous judgment foreclosed any right of the Ribarskys to recover from the plaintiffs, it also foreclosed any right of plaintiffs to recover from them. The judgment must accordingly be modified to provide that plaintiffs recover from the San Mateo County Title Company the sum of $2,000 and that defendants Ribarsky have no right, title or interest in said sum held by the San Mateo County Title Company. As so modified the judgment is affirmed. Each side is to bear its own costs on this appeal.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied June 14, 1951.