**BRILLIANT**

v.

**HARVEY CONST. CO. et al.**

**No. 13477.**

United States Court of Appeals, Ninth Circuit.

May 10, 1954.

Joseph W. Fairfield, H. Gregory Brilliant, Nathan April, Los Angeles, Cal., for appellant.

Harold W. Kennedy, County Counsel, Milnor E. Gleaves, Deputy Counsel, Los Angeles County, Los Angeles, Cal., for appellee, Los Angeles County, Cal.

Wolford, Johnson & Pike, Harvey M. Johnson, El Monte, Cal., for appellee Harvey Const. Co.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

BONE, Circuit Judge.

In 1949 Flintridge Heights, Inc. (herein Flintridge) owned an area of raw land which it planned to subdivide. Pursuant to that plan, in the fall of 1949, it filed a proposed subdivision map with the Regional Planning Commission of the County of Los Angeles. In compliance with California law, see Calif.Bus. & Prof.Code §§ 11500–11628, Flintridge obtained approval of the general plan of subdivision from the Regional Planning Commission, in consideration of Flintridge's dedication of the streets shown upon the map so filed, and Flintridge's agreement to construct streets and curbs upon the area shown as streets which was so dedicated. Also in accordance with California law, Calif.Bus. & Prof. Code §§ 11611 and 11612, Flintridge deposited with the County $18,000 in lieu of a bond to secure the faithful performance of its agreement to construct streets, in accord with the specifications of the County, within the following twelve months. Time was not made the essence of the agreement, and the County Board of Supervisors was given authority to grant extensions of time.

The aforesaid sum, $18,000 was the estimated cost of performing the agreement. Flintridge obtained the money for that deposit by borrowing that amount from Harvey Construction Company, (herein Harvey) with whom Flintridge entered into a contract whereby Harvey agreed to perform the required work.

Flintridge was unable to obtain modifications of the County's specifications for streets, considerable negotiations were carried on between Flintridge and the County officials, and no work at all was performed under the agreement with the County. The twelve month period specified by that agreement expired on or about October 17, 1950. Flintridge was adjudicated a bankrupt on May 23, 1951, and in January of 1952 this action was commenced by H. Gregory Brilliant, as Trustee of the Estate of Flintridge (herein Trustee) to recover the $18,000 deposit, and for a judgment "that none of the defendants is entitled to any part of the said sum of $18,000.00." Both Harvey and the County were joined as defendants in the action in an effort to bring in all parties who might have any interest in the deposited sum.

Neither of the defendants has taken any position as to whom the money belongs, except that it is not returnable to appellant because of its non-performance of the construction which it was the purpose of the deposit to secure. The judgment of the court below settles the most important issue in rendering judgment for both defendants and holding that the sum of $18,000 is not an asset of the bankrupt's estate and the trustee has no right to said sum.

Inasmuch as cash was deposited in lieu of a bond, there is no bonding contract to refer to in ascertaining the rights of the parties. We are left with the statute, Calif.Bus. & Prof.Code, supra, and the agreement between County and Flintridge.

It is the opinion of this court that the trial court correctly decided the case, inasmuch as the condition upon which the deposit could be paid out by the County has not occurred. Cf. Dillon, Municipal Corporations, 5th ed. pp. 1961–1962, § 1231; Clark v. Barnard, 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780.

The judgment of the trial court is affirmed.