[Civ. No. 25450.   Second Dist., Div. Three.   Apr. 18, 1962.]

ARTHUR HOWARD et al., Plaintiffs and Appellants, v. DOROTHY S. UPDIKE, Defendant and Respondent.

Gyler & Gottlieb and Norman H. Gottlieb for Plaintiffs and Appellants.

Denio, Hart, Taubman & Simpson and Roger W. Young for Defendant and Respondent.

SHINN, P. J.—Plaintiffs brought this action against Dorothy S. Updike, and others assigned fictitious names, for damages claimed as a result of Mrs. Updike's refusal to convey real property to them for a price of $40,000 in cash and on terms, pursuant to an oral agreement. Mrs. Updike alone appeared and filed a general demurrer to plaintiffs' second amended complaint, which was sustained without leave to amend, following which judgment was entered in her favor for costs. Plaintiffs appeal from the judgment.

The allegations of the second amended complaint were that Mrs. Updike owned the property as her separate property; she orally agreed to sell it to plaintiffs for the consideration above mentioned; plaintiffs and Mrs. Updike deposited with an escrow holder "a certain unsigned document entitled escrow instructions, a copy of which is attached to the complaint herein" and incorporated as if specifically set forth. It was also alleged that "defendants Updike and Doe II" deposited with the escrow agent an executed grant deed by which "defendants Updike and Doe I" purported to convey the property to plaintiffs, and that plaintiffs deposited in the escrow $1,000; four days after the date of the agreement and deposit of the deed "defendants Updike and Doe III" recalled the deed and refused to go further with the transaction. Damages of $12,000 were sought as the difference between the contract price and the market value of the property.

The proposed escrow instructions were not signed by any of the parties and no note or memorandum in writing of the transaction or the terms of it was executed.

Plaintiffs contend that the unsigned escrow instructions and the undelivered deed constituted a note or memorandum of the transaction sufficient to meet the requirements of section 1624 of the Civil Code and section 1973 of the Code of Civil Procedure, which are commonly known as the statute of frauds. These sections require, with respect to a purchase or sale of real property, a contract or note or memorandum thereof subcribed by the party to be charged or his agent, and section 1973 also provides that in the absence of such writing or secondary evidence thereof, evidence of the agreement shall not be received.

It is clear that the parties expected the escrow instructions to be signed, and that they were not relying upon any preliminary oral arrangements. It is also clear it was understood that without signed instructions the escrow holder would be without authority to do anything.

The deed executed by defendant Updike was in the hands of the escrow holder as her agent. The sum of $1,000 deposited by plaintiffs was held by the escrow holder as plaintiffs' agent.

"The escrow holder acts as agent of the buyer as to the money and as agent of the seller as to the deed until the stipulated conditions have been met. When performance has been rendered by each party the escrow holder then becomes the agent of the seller as to the money and the agent of the buyer as to the deed." (*Kellogg* v. *Curry*, 101 Cal. App.2d 856, 859 [226 P.2d 381].)

The escrow holder had no duty other than to return the deed upon demand of the grantors and to return the $1,000 to plaintiffs upon their demand.

Plaintiffs have cited a number of cases in which contracts were held to be sufficient, but in each of them there was a note or memorandum in writing which stated the terms of the contract and was signed by the party to be charged. Here there was no writing whatever signed by Mrs. Updike which stated the terms of an agreement to sell the property.

It is apparent that after three attempts to state a cause of action plaintiffs were relying upon nothing except an invalid oral agreement. It was not error to sustain the demurrer without leave to amend.

The judgment is affirmed.

Ford, J., and Files, J., concurred.