[Civ. No. 34978. Second Dist., Div. Five. Aug. 24, 1970.]

CITY OF GLENDALE, Plaintiff, Cross-defendant and Respondent, v. ROSEGLEN CONSTRUCTION, INC., Defendant, Cross-complainant and Respondent; GEORGE GARDNER, as Trustee, etc., Defendant, Cross-complainant and Appellant.

778

**COUNSEL**

Joseph W. Fairfield, Ethelyn F. Black and Alfred W. Omansky for Defendant, Cross-complainant and Appellant.

Joseph W. Rainville, City Attorney, and Eric Lauterer, Assistant City Attorney, for Plaintiff, Cross-defendant and Respondent.

Veogelin, Barton & Callister and Richard L. Noble for Defendant, Cross-complainant and Respondent.

## Opinion

KAUS, P. J.—George Gardner, defendant and cross-complainant, has appealed from a judgment awarding a $17,928.12 fund to defendant Roseglen Construction, Inc., ("Roseglen"). We affirm.

### I.   The Procedural Background

The City of Glendale initiated the proceedings in this case with a complaint in interpleader requesting the court to determine the ownership of a fund it received in 1954 from Los Angeles County. Glendale disclaimed any interest in the money. George Gardner, sued as trustee in bankruptcy of the estate of Flintridge Heights, Inc., bankrupt, and Roseglen[1] were named, among others, as defendants in the action. Each filed a cross-complaint claiming title to the fund.

### II.   The Facts

In 1949 Flintridge Heights, Inc., ("Flintridge") owned certain real property in an unincorporated area of Los Angeles County. Desiring to subdivide the property Flintridge submitted a subdivision map for approval by the regional planning commission of the county. (Bus. & Prof. Code, § 11610.) The county approved the tract, accepted the dedication of the streets shown on the map, contracted with Flintridge for street improvements, and required a cash deposit in lieu of security to insure performance of the contract within 12 months. (Bus. & Prof. Code, § 11612.) Flintridge borrowed the cash deposit from Harvey Construction Co. ("Harvey"), and executed a promissory note in the lender's favor. The note was secured by a third trust deed on the real property. In addition, Flintridge assigned to Harvey its rights under the deposit with the county.

Flintridge never completed the construction work. On May 23, 1951, the corporation was adjudicated a bankrupt. Gregory Brilliant was appointed trustee of the bankrupt's estate. On January 22, 1952, Brilliant, on behalf of the estate, filed an action in the United States District Court. Defendants were Harvey and Los Angeles County. Brilliant sought a declaration that the deposit held by the county was an asset of the bankrupt estate. The district court decided that the deposit was not an asset of the estate, and its judgment to that effect was affirmed by the Court of Appeals for the Ninth Circuit in *Brilliant* v. *Harvey Constr. Co.* (9th Cir. 1954) 212 F.2d 494. Brilliant died in 1957, and Gardner succeeded him as trustee.

---

[1]It was stipulated that Roseglen and several other corporations "are one and the same party." We shall therefore refer to these corporations singly and collectively as Roseglen.

Harvey dropped out of the picture when, in 1955, the bankrupt estate sold the real property to a third party and paid Harvey $18,000 plus interest. In exchange Harvey reconveyed to the estate the third deed of trust on the property and the rights under the deposit.

Glendale annexed the real property in 1952. In 1954 the county transferred $17,928.12 to Glendale, which amount represented the cash deposit less solvent credit taxes. In 1964 the city entered into a contract with Roseglen to improve tract 28337.[2] Glendale promised to pay Roseglen $17,928.12 upon the satisfactory completion of the work. The agreement recited that the city desired to apply the fund it had received from Los Angeles County to the improvement of "streets to be dedicated in the area for the greater benefit of the public."

The corporations represented by Roseglen performed the improvement work required by the contract. The reasonable cost of the improvements exceeded the amount of the fund transferred to Glendale.

### III. Discussion

Clearly, Gardner can assert no rights in the fund. He appears in this action on behalf of the estate of the bankrupt, Flintridge, and the federal court, in a judgment which has long since become final, determined that the fund was not an asset of the estate. (*Brilliant* v. *Harvey Constr. Co.*, *supra*, 212 F.2d 494, 495.) That determination is conclusive. Gardner, as Brilliant's successor, is bound by the prior judgment. (Code Civ. Proc., § 1908; *Walker* v. *Hansen*, 218 Cal. 619, 620-621 [24 P.2d 764]; cf. *Luckhardt* v. *Mooradian*, 92 Cal.App.2d 501, 519-520 [207 P.2d 579].)

Gardner asserts that he is not estopped by the former lawsuit because when it became final, Harvey had not reassigned the rights under the cash performance bond. Gardner seems to claim that somehow his position is improved by having worthless rights, which the bankrupt assigned to Harvey, reassigned to himself. Obviously the point has no merit.

Gardner also claims that it was not proved in this case that the work not performed by Flintridge exceeded the security deposit in value. He also points to the fact that the trial court never did specifically so find.[3] We do not see how these alleged defects affect Gardner.

---

[2] The subdivision planned by Flintridge had been tract 14269. Tract 28337 covered virtually the same area, but contained more lots and longer streets.

[3] The trial court found that the value of Roseglen's work on tract 28337 exceeded the amount of the security deposit. It was, however, an admitted fact that that work was somewhat more extensive than the work that should have been done under Flintridge's 1949 contract with the county. Furthermore, we have some difficulty in accepting 1964 costs to evaluate improvements that should have been completed in 1950. At least part of the testimony appears to have been based on such costs.

The issue concerning the ownership of the fund in question was squarely raised in the federal litigation. The applicable law was very simple. In *County of Los Angeles* v. *Margulis,* 6 Cal.App.2d 57 [44 P.2d 608], it had been decided that where the subdivider breaches a contract to make improvements in a proposed subdivision, the public entity is entitled to damages in a sum of money equal in value to the uncompleted work and that his surety is liable in that amount. Obviously the time to litigate any issue with respect to the amount of the security deposit which should be used to satisfy the damages suffered by the county was in the early fifties when the federal action was tried, not in the late sixties, when this case went to trial. It is immaterial whether Gardner's predecessor actually raised the issue that the security deposit exceeded the county's damages resulting from Flintridge's default. "Next is the question, under what circumstances is a matter to be deemed decided by the prior judgment? Obviously, if it is actually raised by proper pleadings and treated as an issue in the cause, it is conclusively determined by the first judgment. But the rule goes further. If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. █ Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable. In *Price* v. *Sixth District,* 201 Cal. 502, 511 [258 Pac. 387], this court said: 'But an issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result . . . This principle also operates to demand of a defendant that all of its defenses to the cause of action urged by the plaintiff be asserted under the penalty of forever losing the right to thereafter so urge them.' (See also, *Elm* v. *Suburban Fruit Lands Co.,* 217 Cal. 223 [17 Pac.2d 1003]; *Andrews* v. *Reidy,* 7 Cal.2d 366, 370 [60 Pac.2d 832]; *Minnich* v. *Minnich,* 127 Cal.App. 1 [15 Pac.2d 804].)" (*Sutphin* v. *Speik,* 15 Cal.2d 195 at p. 202 [99 P.2d 652, 101 P.2d 497]. See also *Norris* v. *San Mateo County Title Co.,* 37 Cal.2d 269, 272 [231 P.2d 493]; *Krier* v. *Krier,* 28 Cal.2d 841, 843 [172 P.2d 681].)

Here the federal action was between plaintiff's predecessor and, if mutuality were necessary, Glendale's predecessor, the County of Los Angeles. It dealt with the ownership of precisely the same fund which is in issue here. If the value of the performance which Flintridge had failed to render had been less than the amount of the security deposit, Gardner's predecessor was free to so assert and prove. Had he been able to do so

successfully he would have been entitled to some relief, subject, of course, to the Harvey assignment.[4] The question should not even have been raised in this proceeding.

■ While the trial court made no finding concerning the effect of the federal litigation, this is immaterial since it would necessarily have had to support its conclusion of law that plaintiff had no interest in the interpleaded fund. (*Bell* v. *Adams,* 150 Cal. 772, 774 [90 P. 118]; *Winslow* v. *Gohransen,* 88 Cal. 450, 452 [26 P. 504]; *Lu Hong* v. *Sing Choon Hong,* 237 Cal.App.2d 239, 242 [46 Cal.Rptr. 710].)

■ Gardner also raises certain issues with respect to the propriety of awarding the interpleaded sum to Roseglen. It having been correctly determined that Gardner has no interest in the fund, it is, to put it bluntly, none of his concern whether the trial court erred with respect to its disposition. (*Gottstein* v. *Kelly,* 206 Cal. 742, 749 [276 P. 347]; *Estate of Walden,* 168 Cal. 759, 761 [145 P. 100]; *Order of Mut. Companions* v. *Griest,* 76 Cal. 494, 496-497 [18 P. 652]; *Cross* v. *Eureka Lake etc. Canal Co.,* 73 Cal. 302, 307 [14 P. 885]; *Estate of Gramespacher,* 189 Cal.App.2d 805, 810 [11 Cal.Rptr. 437].)

The judgment is affirmed.

Stephens, J., and Aiso, J., concurred.

A petition for a rehearing was denied September 1, 1970, and appellant's petition for a hearing by the Supreme Court was denied October 22, 1970.

---

[4]Inspection of the district court file in the *Brilliant* case reveals that there the county's title to the security deposit was disputed on two bases: 1. that the county breached the contract by making the street specifications more onerous; and 2. that the county was not entitled to the fund until someone else had done the work, in which case they could draw on the deposit to pay the new contractor. The file does not reveal whether any evidence on the first issue was ever offered. In any event, Brilliant did not prevail on it. As far as the second issue is concerned, it was erroneous in law. (*County of Los Angeles* v. *Margulis,* 6 Cal.App.2d 57, 59-60 [44 P.2d 608].)