[Civ. No. 42090. Second Dist., Div. Two. July 23, 1974.]

BARNEY BERMAN, Plaintiff and Appellant, v.
AETNA CASUALTY AND SURETY COMPANY et al.,
Defendants and Respondents.

## COUNSEL

LaFollette, Johnson, Horgan & Robinson, Jon A. Shoengerger, Mark P. Robinson and Robert A. Brunette for Plaintiff and Appellant.

Burt Pines, City Attorney, Charles Sullivan, Assistant City Attorney, Myrtle Dankers, Deputy City Attorney, and Maurice H. Wallbert for Defendants and Respondents.

## OPINION

**FLEMING, J.**—Barney Berman[1] appeals the order of dismissal of his complaint for declaratory and equitable relief after the trial court sustained without leave to amend the demurrers of defendants Aetna Casualty and Surety Company and City of Los Angeles.

The complaint alleges as follows:

S & W Construction Company, a partnership, owned hillside property on Laurel Canyon Blvd. in Los Angeles which it intended to subdivide and develop for residential housing. As a condition of approval of subdivision and construction plans, the city required S & W to complete grading and street improvements. In 1961 S & W, as principal, and Aetna, as surety, executed a $50,000 bond guaranteeing satisfactory and faithful performance of the grading under city regulations. The city issued a grading permit in March 1963.

In October 1963 S & W borrowed $200,000 from Peoples Bank, giving its promissory note secured by a trust deed on the Laurel Canyon property. In making the loan and accepting the security the bank relied on the fact that grading would be performed as required by regulations, that Aetna's bond guaranteed performance, and that the city had a policy of applying proceeds of defaulted bonds toward performance of bonded work.

In July 1966 the bank assigned its interest in the note and trust deed to Berman. The latter accepted the assignment in reliance on the fact that grading would be performed as required by city regulations, that Aetna's

---

[1]Berman's successors in interest, Mark P. Robinson, Mark Wood, Loyola University, and the Eddie Cantor Foundation, prosecute this appeal in Berman's name. (*Arrowhead Mut. Service Co.* v. *Faust,* 260 Cal.App.2d 567, 581 [67 Cal.Rptr. 325]; *Davis* v. *Rudolph,* 80 Cal.App.2d 397, 401 [181 P.2d 765]; Code Civ. Proc., § 385, subd. (a).)

bond guaranteed performance, and that the city had a policy of applying bond proceeds to performance of bonded work. S & W failed to perform the grading work and defaulted on its promissory note. In June 1968 Berman foreclosed on the trust deed, and in September 1968 the city declared performance under Aetna's bond in default.

Costs for completion of the grading work have risen to $173,555. The city demands that Berman complete the grading work and offers to apply the proceeds of an earlier defaulted performance bond ($56,000 from Hartford Insurance Co.) only if Berman completes the grading. Aetna refuses to pay on its performance bond and contends that completion of the grading by Berman will relieve it of any obligation under its bond. In 1969 the city sued Aetna and S & W to recover proceeds of the bond and damages for failure to complete the grading work, but the city has been dilatory in prosecuting that suit.

The complaint prays for a declaration of rights and obligations of the parties under the subdivision and construction statutes and under the bond, for an order to the city to diligently seek full performance of the grading work by S & W, and, if Berman performs the work, for an order compelling S & W to reimburse him and declaring that Aetna shall not be exonerated on its bond by reason of his performance.

In our view the allegations of the complaint would entitle Berman to declaratory relief. (Code Civ. Proc., §§ 1060, 1062.) The city required a faithful performance bond because of its potential liability for injury to persons or property which might result from dangerous or defective conditions created by the failure of completion of required improvements. (*County of Los Angeles* v. *Margulis,* 6 Cal.App.2d 57, 59-60 [44 P.2d 608].) If the city were to exercise its discretion and enforce payment on the faithful performance bond and if Berman were to complete the required improvements and thereby mitigate the city's potential liability, then Berman would be entitled to share in the proceeds of the faithful performance bond to the extent of the reasonable value of the required improvements he had provided. This result follows from our conclusion that while the city alone is entitled to institute legal action to collect on the faithful performance bond (*Morro Palisades Co.* v. *Hartford Accident & Indemnity Co.,* 52 Cal.2d 397, 401 [340 P.2d 628]; *Evola* v. *Wendt Construction Co.,* 170 Cal.App.2d 21, 25-26 [338 P.2d 498]), the city is not entitled to treat as a windfall the proceeds of a faithful performance bond realized as a consequence of work not performed. (*County of Yuba* v. *Central Valley Nat. Bank, Inc.,* 20 Cal.App.3d 109, 112-114 [97 Cal. Rptr. 369].)

■ Nevertheless, the doctrine of res judicata bars Berman's present action. More than a year prior to the filing of this suit Berman filed a complaint-in-intervention in the city's action against S & W and Aetna for their failure to perform the grading work. Berman's complaint-in-intervention alleged similar facts and sought identical relief to that set out in the present action. As owner of the subject property and claimant to the proceeds of Aetna's bond, Berman had an interest in the litigation, had standing to intervene, and on the basis of his complaint was entitled to some form of declaratory relief. (Code Civ. Proc., §§ 387, 1060, 1062; *Redevelopment Agency* v. *Hayes,* 122 Cal.App.2d 777, 785 [266 P.2d 105]; cf. *Hausmann* v. *Farmers Ins. Exchange,* 213 Cal.App.2d 611, 614-617 [29 Cal.Rptr. 75].) But the trial court sustained demurrers to the complaint-in-intervention, finding that Aetna's bond did not favor Berman and concluding that the city owed no duty to Berman as a consequence of the bond. Berman filed an amended complaint-in-intervention which substantially repeated the original allegations, to which the trial court sustained demurrers without leave to amend, noting that "intervention is improper here."[2] From the subsequent order of dismissal Berman did not appeal.

■ An order denying intervention operates as a final determination against the intervener and is appealable by him as a final judgment. (*Bowles* v. *Superior Court,* 44 Cal.2d 574, 582 [283 P.2d 704].) ■ A judgment after the sustention of a general demurrer on substantive grounds is a judgment on the merits which concludes a subsequent suit. (*Goddard* v. *Security Title Ins. & Guar. Co.,* 14 Cal.2d 47, 52 [92 P.2d 804]; *Sterling* v. *Galen,* 242 Cal.App.2d 178, 182-185 [51 Cal.Rptr. 312].) ■ Here, the minutes of the prior proceedings disclose that the trial court dismissed the prior action on both substantive and technical procedural grounds. Berman's failure to appeal the dismissal conclusively bars his subsequent action grounded on the same allegations.

The order is affirmed.

Roth, P. J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 19, 1974.

---

[2]The court may look to the record of the prior action to determine the grounds of the judgment. (*Steiner* v. *Thomas,* 94 Cal.App.2d 655, 658 [211 P.2d 321]; *Olwell* v. *Hopkins,* 28 Cal.2d 147, 151 [168 P.2d 972].)