ANDREW KIEWIT, PLAINTIFF IN ERROR, V. JAMES CARTER, DEFENDANT IN ERROR.

1.  **Building Contract:** BOND : MECHANIC'S LIEN.  Where the contractor for the erection of a building gave a bond with sureties to "faithfully perform all the covenants and agreement contained in the building contract," etc., and the building contract provided that he was "to furnish all the material, such as lumber, hardware, brick, lime, sand, paints, oils, etc., as may be necessary to complete said house according to the plans and specifications, *Held*, That a failure to pay for such materials, whereby a mechanic's lien was filed on the building and lot,

was a breach of the condition of the bond, and rendered the builder and his sureties liable thereon.

2. **Trial:** REMANDING CAUSE FOR JUDGMENT. Where a district court remanded a cause tried in the county court and taken on error to the district court to the county court to certify in the judgment that a certain party was surety, *Held*, That while the district court had authority to modify the judgment in that regard, the surety in whose favor the judgment was modified could not complain of the procedure.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*Estabrook & Irvine*, for plaintiff in error, cited: *Miller v. Stewart*, 9 Wheat., 680. *People v. Chalmers*, 60 N. Y., 154. *Ludlow v. Simond*, 2 Caines Ca., 1. *Long v. Pike*, 27 Ohio St., 498. Brandt on Suretyship, 370-373, and cases cited: *Taylor v. Jeter*, 23 Mo., 244.

*N. J. Burnham* and *W. W. Slabaugh*, for defendant in error.

MAXWELL, J.

This action was brought in the county court of Douglas county by the defendant in error against Joseph Kough, as principal, and the plaintiff in error and others, as sureties, on a bond given by the defendants below to the plaintiff below, conditioned for the performance of a building contract by the defendant below, Kough. Judgment was rendered in the county court against the defendants generally, for $329.29 and costs. The plaintiff in error instituted proceedings in error in the district court. Upon the hearing of the petition the court rendered judgment affirming the judgment below, "except as to the error assigned in paragraph one of said petition, to-wit: That the said judgment does not certify which of the defendants is principal debtor and which are sureties. As to said alleged error, it is ordered that the county court

correct said judgment so as to certify therein that the said Andrew Kiewit is surety." To procure a reversal of this judgment this proceeding was instituted.

None of the testimony introduced on the trial is preserved in the record, hence the case is submitted on the pleadings.

The plaintiff below (defendant in error) alleges in his petition, "That on the 18th day of August, 1885, said defendant entered into a bond to him, said plaintiff, in the sum of $500 (a copy of which is hereto attached and made a part of this petition), that said J. S. Kough would faithfully perform all the covenants and agreements contained in one certain building contract made by and between said plaintiff Carter and defendant Kough, and made a part of this petition.

"Plaintiff states that said defendant Kough did not faithfully perform all the covenants and agreements contained in said building contract, to plaintiff's damage in the sum of $500, in the following particulars: Outhouse short one ventilator, value $1.50; one window, $2; cistern short in capacity 25 bbls., $7; short 25 feet overflow pipe, six inches, $7.50; one iron cover, $3.50; filter filling, $2.50; ornaments, $18; six iron air-grates, 3 in. by 3 in., $2.40; eight brass window locks, $2.40; four brass door bolts, $1.60; eaves unpainted inside, $5.50; two transoms short, $6; steel screws instead of brass ones, $1.50; Japan escutcheons, $2.50; walks six inches short in width, length thereof being 170 feet, $2.25; failure to remove top soil on lot, $28.75; defective plastering $15; main building short two feet $20.40.

"Plaintiff also paid for the use and benefit of defendant on mechanic's lien upon said property, in excess of balance on original contract price, the sum of $270, the said liens being for material purchased by defendant Kough for the erection of said building, and for which he was liable for but neglected and refused to pay, this subjecting plaintiff's property, a frame cottage in lot No. 5, block 3, in sub-

division of J. I. Redick's addition, to the payment of said liens, in all to the sum of $670, although he was requested by the plaintiff to pay the same.

"Plaintiff further alleges that in addition to said contract herein set forth and referred to, the following specifications, which are also made a part hereof, with reference to the specific items of damage, and were made a part of said contract between said parties." The contract referred to is as follows:

"OMAHA, NEB., August 4, 1885.

"J. S. Kough, of Omaha, Neb., agrees to build a frame cottage, with cistern, sidewalks, and outbuildings, on lot No. 5, block 3, in subdivision of J. I. Redick's addition to the city of Omaha, for Dr. James Carter, of the same place, according to the plans and specifications which are hereto attached and made a part of this agreement.

"He further agrees to furnish all the material, such as lumber, hardware, brick, lime, sand, paints, oils, etc.; as may be necessary to complete said house according to the plans and specifications.

"He further agrees to complete the said house and have it ready, clear and free for occupancy, by the 5th day of October, 1885.

"He further agrees to furnish a bond of $500 for the faithful performance of his contract.

"The said James Carter agrees to pay to the said J. S. Kough for the erection and completion of said cottage, walks, cistern, and outbuildings, according to contract, the sum of $1,360, as follows: $600 on the 18th day of August, 1885, and $360 when the house is ready for plastering. The remaining $400 is to be paid when the house is fully completed and accepted, and all bills for labor and material for the said house are shown to have been paid.

(Signed)                          "JOSEPH S. KOUGH.

                                  "JAMES CARTER.

" Witness:

"A. McARTHUR."

The specifications referred to need not be set out at length. The bond upon which the action is brought is as follows:

"OMAHA, NEB., August 18, 1885.

"We, James S. Kough, as principal, and J. Barr and Joseph Krapp and W. S. Mills, as his sureties, do hereby jointly and severally bind ourselves to James Carter in the sum of $500, that said J. S. Kough will faithfully perform all the covenants and agreements contained in the building contract made between J. S. Kough and James Carter. the 4th day of August, 1885.

(Signed)                                    "J. S. KOUGH.
                                            "JOHN BARR.
                                            "JOHN KRAPP.
                                            "AND. KIEWIT.
                                            "W. S. MILLS."

The defendant below, Kiewit, answered the petition, and denied, first, that Kough had failed to perform his contract, or that the plaintiff had paid for his use mechanics' liens on said property any sum whatever; 2d, alleges that the plans and specifications were changed by the plaintiff below and defendant Kough without his (Kiewit's) knowledge or consent; that he had frequently notified the plaintiff below while the work was progressing that Kough was not paying his subcontractors and the workmen on the house, and required said plaintiff below to protect himself and guard against the accruing of mechanics' liens on said premises.

The other defendants below failed to answer.

The plaintiff in error contends that the bond given by him and others does not provide for mechanics' liens, and that he is a mere surety, and is not bound beyond the strict terms of the bond.

The second paragraph of the contract provides that Kough is "to furnish all the material, such as lumber, hardware, brick, lime, sand, paint, oils, etc., as may be

necessary to complete said house according to the plans and specifications."

If Kough failed to pay for such materials therefor, and the plaintiff below was required to pay the same, Kough and his sureties would be liable on the bond. Had Kough paid for these articles no mechanic's lien would have been filed. The lien is not a cause, but a consequence, flowing from the non-payment of the materials. In other words, it is merely a mode of enforcing payment for materials used in the erection of a building. Kiewit in his answer practically admits that Kough had failed to pay for all the materials used in the construction of the building, as well as some of the labor performed in erecting the same. The court did not err, therefore, in sustaining this part of the judgment.

2d. Did the court err in requiring the county court to certify in said judgment that Andrew Kiewit was surety therein? It plainly appears on the face of the record that Kiewit is such surety, and the district court might itself have so modified the judgment, but as the course pursued accomplishes the same result, the plaintiff in error cannot complain.

There is no error apparent in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.