[Civ. No. 2263. Second Appellate District.—June 5, 1918.]

PETER CEREMONY, Respondent, v. F. L. DRUMMOND, Defendant; PACIFIC COAST CASUALTY COMPANY (a Corporation), Appellant.

ACTION ON BOND—BUILDING CONTRACT—PAYMENT OF MONEY—PLEADING—SUFFICIENCY OF COMPLAINT—SUPPLEMENTAL COMPLAINT.—In an action on a building contractor's bond, if the complaint as originally filed was not sufficient, in that it failed to show at the date of the commencement of the suit the plaintiff had actually paid out the money, reimbursement of which was sought in the action, it could not be helped out by supplemental complaint filed thereafter.

ID.—BREACH OF CONTRACT—SUFFICIENCY OF COMPLAINT.—In such an action, an allegation that the contractor did not pay, as required by the bond, all claims for labor and material, and that certain enumerated claims were made for materials alleged to have been furnished to be used, and actually used, in the construction of the building, was sufficient to show a breach of contract.

ID.—ACTION ON BOND—ACTUAL PAYMENT OF CLAIMS UNNECESSARY.—Under a bond guaranteeing payment by the contractor of all claims for labor and material, where the contractor made default, the owner could maintain an action on the bond without actually satisfying such claims.

APPEAL from a judgment of the Superior Court of the County of Riverside. Hugh H. Craig, Judge.

The facts are stated in the opinion of the court.

V. J. Cobb, for Appellant.

Miguel Estudillo, for Respondent.

JAMES, J.—The defendant Casualty Company appeals from a judgment entered in this action favorable to the plaintiff.

A contract having been made between the plaintiff as owner and defendant Drummond as contractor, the appellant Casualty Company became surety for the contractor that the contract would be faithfully performed. The general obligation of the surety was expressed in that clause of the undertaking which guaranteed that the contractor would pay in full the claims of all persons performing labor upon or furnishing materials to be used in the work. Plaintiff in his complaint alleged that the contractor neglected and failed to comply with the terms of his contract and failed to pay for labor and materials in excess of the contract price (specifying names of claimants and amounts), which labor and materials it was further alleged "were furnished to be used and were used in the construction of said building." Allegations followed to the effect that the contractor's debtors mentioned had filed claims of lien against the property of the plaintiff and were threatening to foreclose the same. Two objections are made as against the judgment: First, that the complaint did not in its allegations show that the claims made against the property of the plaintiff on behalf of Drummond's debtors were valid or enforceable; second, that no recovery could be had on the bond given by appellant until payment of the claims had actually been made by the plaintiff. It may be here stated that in the course of the trial a supplemental complaint was allowed to be filed which showed that the plaintiff had satisfied the demands of the lien claimants. Of course, it is clear that if the complaint as originally filed was not sufficient, in that it failed to show that at the date of the commencement of the suit plaintiff had actually paid out the money, reimbursement of which was sought in the action, it could not be helped out by supplemental complaint filed thereafter. So, then, the case is to be viewed as though no supplemental complaint had been filed. The condition of the bond of appellant was that the contractor would pay all claims for labor and material. It is alleged in the complaint that this was not done, but that certain enumerated claims were made for materials alleged to have been furnished to be used, and actually used, in the construction of the building. We think the allegations of

the complaint were sufficient to show a breach of the contract. We think that the effect of the allegations in the complaint respecting the claims made is that the claims were *bona fide* and for actual labor and materials furnished. As no evidence is brought up ànd no point made as to its sufficiency, we must presume in support of the findings of fact that there was evidence to sustain them. The second point urged—that plaintiff could not maintain an action on the bond until he had actually satisfied the claims of claimants—viewing the contract of the surety, we think should not be sustained. Contracts of this nature are now generally held to be contracts of indemnity against liability, rather than indemnity against loss sustained and paid. As we have before noted, the surety under its contract guaranteed that the building contractor would pay all claims for labor and materials furnished. The contractor's default in this regard created a breach of the obligation of the surety toward the owner. Almost identical conditions in a bond on a building contract were considered by the supreme court of Washington in *Friend* v. *Ralston et al.*, 35 Wash. 422, [77 Pac. 794], where the court said: "The covenant in the building contract on the part of the contractors with Mrs. Friend is, as between them, equivalent to a direct promise to pay for materials used in the construction of the building, and a breach of the contract occurred when the contractors suffered the obligation to become a charge on her property. At least, she was entitled to treat the same as a breach. It may be true that she was not obligated to do so; that she could have waited until the lien had become fixed and determined by judgment against her property, and treated that as the breach of the bond, thus escaping the *onus* of establishing at the trial the validity of such lien and the amount of the indebtedness. But she was not obliged to delay action in that behalf. She could treat the failure of the contractors to keep her property free from such encumbrance as a breach of the contract. Therefore, the position of appellant's counsel that this action was prematurely brought is untenable." (See, also, *Kiewit* v. *Carter*, 25 Neb. 460, [41 N. W. 286]; and note following *Stephens* v. *Pennsylvania Casualty Co.*, 3 Ann. Cas. 478.)

The judgment appealed from is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.