[Civ. No. 5499.  Second Appellate District, Division Two.—February 10, 1927.]

OLYMPIC AUDITORIUM, INC., et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] UNLAWFUL DETAINER—RELIEF FROM JUDGMENT—DISCRETION.—The granting of relief under section 1179 of the Code of Civil Procedure, from a judgment of unlawful detainer, is discretionary in the court to which an application for relief is made, and the court has discretion either to grant or to deny.

[2] ID.—FINDINGS—HARDSHIP—EQUITY.—The power of a court to exercise its discretion under section 1179 of the Code of Civil Procedure, either in favor of the applicant or against him, cannot terminate with a finding that in a given instance there is presented "a case of hardship" as to the applicant, as a variety of reasons might exist why the relief should not be granted in the exercise of a sound discretion.

[3] ID.—BALANCING OF EQUITIES—DISCRETION—JURISDICTION.—A court to which application is made for relief under section 1179 of the Code of Civil Procedure may measure equity against equity and exercise its discretion, by either granting or refusing the application, as a just balancing of the opposing equities may seem to require; and if the court shall go wrong in listing the equities

which it deems to be proper aids to the final exercise of its discretion, it merely commits error in the exercise of its jurisdiction and does not exercise a forbidden jurisdiction.

[4] ID.—IMPOSITION OF CONDITIONS—DISCRETION—APPEAL.—In such a proceeding, while the chancellor may never grant relief without imposing the conditions specified in section 1179 of the Code of Civil Procedure, he is not restricted to those conditions but may impose such other conditions as in equity are proper aids to the exercise of his discretion; and if he imposes conditions which are improper, these matters may be dealt with upon appeal and the propriety or impropriety of his exercise of discretion determined accordingly.

[5] ID. — EXCESSIVE EXERCISE OF JURISDICTION — PROHIBITION. — The writ of prohibition will not issue to correct but only to halt proceedings involved in the excessive exercise of jurisdiction.

---

(1) 21 C. J., p. 104, n. 40 New. (2) 21 C. J., p. 104, n. 40 New. (3) 32 Cyc., p. 610, n. 79 New. (4) 21 C. J., p. 102, n. 18 New; 32 Cyc., p. 610, n. 79 New, p. 614, n. 2. (5) 32 Cyc., p. 604, n. 32, p. 617, n. 19.

PROCEEDING in Prohibition to prevent the Superior Court of Los Angeles County, and Hartley Shaw, Judge thereof, from making an order denying relief under section 1179 of the Code of Civil Procedure. Writ denied.

The facts are stated in the opinion of the court.

Montgomery, Stick, Moerdyke & Gibson for Petitioners.

Hunsaker, Britt & Cosgrove and Robert B. Murphy for Respondents.

WORKS, P. J.—Olympic Auditorium, a corporation, was defendant in an action of unlawful detainer, the relief demanded by the plaintiff therein being based solely upon the failure of the defendant to pay installments of rent. Judgment went for plaintiffs, whereupon the defendant, acting under the terms of section 1179 of the Code of Civil Procedure, instituted a proceeding for relief from the forfeiture of lease declared in the judgment. Such steps were taken in the proceeding that respondent court made its order granting the application upon the performance of certain conditions by the applicant. The order recited that if the conditions were not performed within a certain time a fur-

ther order of the court would deny the application. The conditions imposed were many. Specifically, they were not limited to requirements that the applicant should pay the installments of rent due upon the property involved in the application and that it should perform other covenants or conditions named in the lease. The applicant and its receiver, deeming the imposition of the conditions to be beyond the jurisdiction of respondent court, applied to this court for the writ of prohibition, praying that respondent court be prevented from making its further order as threatened, and we issued the alternative writ. The return of respondents is by general demurrer to the petition for the writ.

Section 1179 of the Code of Civil Procedure, after providing for the relief contemplated thereby "in case of hardship," and after prescribing the procedure to be followed whenever the relief is asked for, reads: "In no case shall the application be granted except on condition that full payment of rent ʻdue, or full performance of conditions or covenants stipulated, so far as the same is practicable, be made."

[1] Undoubtedly, the granting of relief under section 1179 is discretionary in the court to which an application for the relief is made (*Matthews* v. *Digges*, 45 Cal. App. 561 [188 Pac. 283]), and, of course, the court has discretion either to grant or to deny. This is necessarily so upon the very assertion that the court possesses a discretion under the section. [2] It seems manifest, too, that the power of a court to exercise its discretion, either in favor of the applicant or against him, cannot terminate with a finding that in a given instance there is presented "a case of hardship" as to the applicant. After it has been determined that a forfeiture would operate as a hardship upon an applicant—and such a finding naturally will be made in a large percentage of cases—there would seem in the very nature of things to remain in many instances a variety of reasons why the relief should not be granted in the exercise of a sound discretion. To say that the relief must be granted upon a finding that there is a "case of hardship" as to the applicant would seem, upon just principles, to strangle the discretionary power at the very inception of its exercise. The cases, in effect, so decide. See *Lundin* v. *Schoeffell,* 167 Mass. 465 [45 N. E. 933]. The doctrine of

this case is approved, practically, in *Knight* v. *Black*, 19 Cal. App. 518 [126 Pac. 512], an adjudication which, it is true, did not spring from an application for relief under section 1179, but which goes upon the theory that the action of unlawful detainer, involving the possible declaration of a forfeiture, as it does, is to proceed and is to be determined upon equitable considerations. This theory is established by many cases, only one more of which (*Schubert* v. *Lowe*, 193 Cal. 291 [223 Pac. 550]), need be cited.

[3] It is manifest, then, that a court to which application is made for relief under section 1179 may measure equity against equity—may, for example, consider, even if a forfeiture will work a hardship upon the applicant for relief, whether a refusal to permit the declaration of forfeiture to stand will not operate as a greater hardship upon the opposing party. And upon these warring considerations the court will exercise its discretion and will either grant or refuse the application, as a just balancing of the opposing equities may seem to require. If the chancellor shall go wrong in listing the equities which he deems to be proper aids to the final exercise of his discretion to grant or refuse, what is the nature of his misdeed? Does he commit mere error, or does he exercise a forbidden jurisdiction? It must be the former. He exercises jurisdiction in granting or refusing relief. In taking into consideration the various equities which are to impel him to grant or refuse he proceeds with the same effect as the trier of fact who rules out or rules in evidence offered for the purpose of aiding him to arrive at judgment or decree. The judge who excludes proper evidence or admits improper evidence is in a sea of error, but he is guilty of no excess of jurisdiction.

[4] Doubtless, in the present instance, the respondent judge might have refused the application for relief under section 1179 in the light of the very considerations upon which he determined to grant it upon condition—this with complete immunity from the charge that he had exceeded his jurisdiction in measuring the equities between the parties or in resolving upon them to decree a refusal. If he had refused the application he might possibly have abused his discretion—might, in effect, have committed what would be the equivalent of reversible error—but nothing more. Can the situation be different because he saw fit to resolve

his discretion toward a grant of the application, but upon condition? It is obvious to us that it cannot. If he has imposed conditions which are improper—has considered equities which were not a proper aid to the exercise of the discretion reposed in him—these matters may be dealt with upon appeal and the propriety or impropriety of his exercise of discretion be determined accordingly.

It is contended by petitioners that the only conditions which respondent court could impose in granting their application for relief are those mentioned in section 1179. Upon what we have said above—in truth, from the language of the section itself—we are bound to remark that the enactment does not operate to limit the conditions which may be imposed in granting relief under it. The chancellor may impose such conditions as in equity are proper aids to the exercise of his discretion, but he may never grant relief without requiring the performance of the obligations mentioned in the section. We need not pause to inquire whether a failure to impose these specified conditions would be mere error or whether it would be an excess of jurisdiction.

[5] It is too well settled to require a citation of authority for the statement that the writ of prohibition will not issue to correct error, but only to halt proceedings involved in the excessive exercise of jurisdiction.

Demurrer sustained. The alternative writ of prohibition is vacated and a peremptory writ is refused.

Craig, J., and Thompson, J., concurred.