[Civ. No. 10733. First Appellate District, Division Two.—February 16, 1938.]

SAMUEL L. CARPENTER, Jr., as Insurance Commissioner, etc., Appellant, v. NATIONAL SURETY COMPANY (a Corporation), Defendant; LOS ANGELES ATHLETIC CLUB (a Corporation) et al., Respondents.

Hester W. Webb and Frank L. Guerena for Appellant.

Cosgrove & O'Neil and Roscoe C. Andrews for Respondents.

NOURSE, P. J.—On June 1, 1934, the National Surety Company, a New York corporation, was decreed insolvent by the New York Supreme Court, and the New York superintendent of insurance was appointed liquidator thereof. At that time the company was doing business in California. On July 20, 1934, in a proceeding commenced by the California Insurance Commissioner under Act 3739 (Deering's Gen. Laws), the company was decreed insolvent by the San Francisco superior court, and said commissioner was appointed as liquidator to wind up its affairs in this state. The two liquidators entered into a working agreement, approved by the respective courts having jurisdiction of their activities, which agreement included provisions for the handling of claims filed against the estate of the insolvent company. Los Angeles Athletic Club and Title Insurance Company duly filed with the California liquidator the claim which is the subject of this action. The California liquidator transmitted it to the New York liquidator by whom it was disallowed. Through the California liquidator the claimants were given notice of the disallowance. Under the

working agreement between the two liquidators, a determination of the claim in the California proceeding is to be deemed valid in the New York liquidation proceeding. Upon the hearing in the court below, the ruling of the liquidator was disapproved, and judgment was entered allowing the claim, from which judgment the liquidator now prosecutes this appeal.

The facts giving rise to the claim are as follows: The Los Angeles Athletic Club and Title Insurance Company owned certain unimproved real property at Grand Avenue and Eighteenth Street, Los Angeles. On November 1, 1924, they leased said property to one Danziger and wife, for 25 years at an annual rental of $25,000, which lease the Danzigers assigned to Olympic Auditorium, Inc. The lease required the lessee to construct on the leased premises an auditorium building of a reasonable value of not less than $175,000, and the lessee agreed to have the building completed and clear of mechanics' liens, or liability therefor, on or before August 1, 1925. The lease further provided that prior to construction of the building, the lessee should furnish to the lessors a bond in the principal sum of $100,000, conditioned that the building should be free and clear of liens or claims when completed. Pursuant to this last-mentioned provision, on January 20, 1925, Danziger and National Surety Company, as principals, executed the bond on which the claim, the subject of this action, is made. The building was thereafter constructed. The landowners fully complied with statutory provisions as to posting notice of nonresponsibility. Within due time after completion of the building, certain firms and persons who had not been compensated for work performed and materials furnished, filed mechanics' liens totaling $86,488.38, and subsequently commenced an action to foreclose said liens. Thereafter the lessee defaulted in the payment of rent, and the lessors recovered possession of the premises and forfeiture of the lease. (*Olympic Auditorium, Inc.,* v. *Superior Court,* 81 Cal. App. 283 [253 Pac. 944].) Said lessors have since remained in possession of the land and building as the owners thereof. In the action to foreclose the mechanics' liens, however, it was decreed that the lien claimants were entitled to a "lien upon the Auditorium building down to the surface of the ground". (*English* v. *Olympic Auditorium, Inc.,* 217 Cal. 631, 644 [20 Pac. (2d) 946, 87 A. L. R. 1281].)

The lessors served notice upon National Surety Company and National Surety Corporation of the entry of the final judgment establishing the liens, and that said liens were liens in violation of the obligations of the principals of said bond. Demand was made for payment of $75,000, it having been previously stipulated that the Surety Company's liability upon the bond should be reduced to that amount.

The appellant contends first that, since the operative clause of the bond makes the surety liable only in the event of unpaid liens ''imposed upon the title and interest to and in the leased premises'', there is no liability for liens which are enforceable against the building alone and not against the respondents' interest in the land. The point is controlled by these principles: The bond is a statutory bond authorized by section 1183 of the Code of Civil Procedure. As such the terms of the statute are read into the bond and control its interpretation and effect. The code section provides: ''It shall be lawful for the owner to protect himself against any failure of the contractor to perform his contract and make full payment for all work done and materials furnished thereunder by exacting such bond or other security as he may deem necessary.'' Thus, the operative clause of the bond requiring the surety to pay all liens ''imposed upon the title and interest to and in the leased premises'' must be read as an obligation to protect the owner against the failure to pay all liens arising out of the construction of the building. Since, through the forfeiture of the lease, the building has become the property of the lessor-owner, the obligation of the surety to protect it against the failure to pay such liens takes full force.

The appellant further contends that the respondent has suffered no damage for which the surety can be held liable because it has not paid off any of the liens and because, in all probability, the liens are incapable of enforcement. The bond is a contract of indemnity against liability and not a contract of indemnity against loss sustained and paid. Hence, it is not necessary to show loss before recovery can be had on the bond. (23 Cal. Jur., p. 1100; *Ceremony* v. *Drummond,* 37 Cal. App. 446, 448 [174 Pac. 696].)

Furthermore, there is nothing in this record showing that the building cannot be removed from the land upon foreclosure of the liens. If such foreclosure is had and the

building moved, it would be because of the liens arising from the construction of the building. It is this happening which the bond was designed to prevent, and it is the failure to pay for the work and materials which has created the liability. The bond was given to "protect" the owner against such failure to "make full payment for all work done and materials furnished". (Code Civ. Proc., sec. 1183.)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.