[L. A. No. 21909. In Bank. Sept. 4, 1951.]

ROBERT F. MYERS, Respondent, v. ALTA CONSTRUCTION COMPANY (a Corporation) et al., Defendants; STANDARD ACCIDENT INSURANCE COMPANY, Appellant.

Thomas E. Davis for Appellant.

West, Vizzard, Howden & Baker and Gordon L. Howden for Respondent.

GIBSON, C. J.—Plaintiff, a licensed surveyor and civil engineer, brought this action against a contractor and its surety to recover the value of surveying and engineering services rendered in connection with the construction of a warehouse. Defendant surety has appealed from a judgment in favor of plaintiff.

The bond given by the surety was executed and recorded pursuant to the mechanic's lien law (Code Civ. Proc., § 1183), which requires the filing of a lien claim or the giving of a written notice to the surety as a condition precedent to an action on the undertaking. It is conceded that plaintiff failed to take either of these steps and that he is not entitled to recover against the surety unless he was excused from complying with these statutory requirements by the following provision in the bond: "The Principal and Surety further agree to pay all just claims of laborers arising under said contract, within two (2) weeks after demand, and to waive the filing of lien claims or giving written notice required by Statute as a condition to bringing suit to enforce the same." It appears that plaintiff's services were professional in nature and for the most part consisted of furnishing field crews. Defendant contends that the waiver provision of the bond applies only to manual laborers who personally perform the work for which a claim is made and that plaintiff is not within its terms.

The meaning of the word "laborer" is not fixed in its application (see Webster's Dict. of Synonyms), and it has been said that "it would be difficult, if not impracticable, to give any general definition of the word 'laborer' which would at once include all of the cases falling within the concept of the word and exclude those falling without." (See 31 Am. Jur., p. 834.) It is commonly used to designate one whose work demands strength and physical toil rather than skill. (See Webster's Dict. of Synonyms.) It is also applied to one who performs work which requires a combination of skill

and physical exertion as distinguished from one who depends primarily upon the exercise of mental faculties to accomplish a task. (See *Kerr* v. *Nelson,* 7 Cal.2d 85, 88 [59 P.2d 821].) In the more comprehensive sense it includes those who toil with their brains as well as those performing manual work. (See 31 Am.Jur., p. 835.) Since the meaning of the word is not fixed, it is necessary in each particular situation to look to the context in which the term is used to ascertain what is meant. As stated by Justice Harrison in *Estate of Nelson,* 132 Cal. 182, 191 [64 P. 294], "Philology is, at best, an unsafe criterion for ascertaining the meaning of words which are in common use, and the definition thus obtained is always subordinate to the meaning derived from the context, or from the circumstances under which the word is used."

 The bond in the present case expressly states that it was given for the purpose of complying with the mechanic's lien law (Code Civ. Proc., § 1183 et seq.), and the terms of the statute are to be read into the bond and control its interpretation and effect. (*Carpenter* v. *National Surety Co.,* 25 Cal.App. 2d 90, 93 [76 P.2d 523].) Accordingly, we look to the statute in ascertaining the meaning of "laborers" as used in the waiver provision of the bond.

 Section 1183 provides that "Mechanics, materialmen, contractors, subcontractors, artisans, architects, machinists, builders, miners, teamsters and draymen, and all persons and laborers of every class performing labor upon or bestowing skill or other necessary services, or furnishing materials . . . appliances, teams and power . . . shall have a lien upon the property upon which they have bestowed labor or furnished materials. . . ." There can be no question that the "laborers" referred to in the section include "laborers of every class," skilled as well as unskilled, those who toil with their brains as well as those who work with their hands—in short, persons performing work of any kind. Nowhere in the section does the term "manual laborers" appear, and there can be no justification for reading it into the statute in place of the word "laborers."

 It is also apparent from a reading of the entire section that the Legislature makes no distinction as to whether a claimant performs work personally or merely furnishes persons to do the work. In the portion of the section relating to the liability of sureties it is provided that under no circumstances shall a surety be released from liability to the "*laborers* or materialmen or persons furnishing appliances,

teams or power, for whose benefit said bond has been written, by reason of any breach of contract between owner and contractor or on the part of any obligee named in said bond, but the sole condition of recovery on the part of such person *furnishing labor* or material or appliances, teams or power . . . shall be that said labor or material has been used or consumed in or said appliances, teams or power have contributed to the work of the improvement. . . .'' (Italics added.) It is further provided that no attempt to limit the right of recovery on the bond given for the benefit of ''laborers or materialmen'' shall release the surety. ■ The provisions relating to bonds and the liability of sureties obviously were intended to apply to everyone who has a right to claim a lien. Hence a person such as plaintiff, who is entitled to claim a lien but is neither a materialman nor a person furnishing appliances, teams or power, must have been intended to come within the term ''laborers.'' Throughout the section the expressions ''laborers,'' ''persons performing labor'' and ''persons furnishing labor'' are used interchangeably. In view of the broad and comprehensive sense in which the word ''laborers'' is used in the statute, we should not adopt a more restricted meaning in construing a bond given pursuant to the statute.

■ If any doubt remains as to the proper interpretation of the bond, we should be governed by the express statutory direction that it shall ''be construed most strongly against the surety and in favor of all persons for whose benefit'' it is given. (Code Civ. Proc., § 1183.) ■ Moreover, in determining the sense in which ''laborers'' is used in the bond, we must take into consideration the rule that any uncertainty in a. contract is to be construed against the person who caused the uncertainty to exist. (Civ. Code, § 1654.) If the surety in the present case desired to limit the application of the waiver clause to one personally performing manual labor, it could easily have avoided any ambiguity or uncertainty by using an express statement to that effect.

■ When the terms of the bond are read in the light of the statute and in accordance with settled rules of construction, it is clear that the waiver provision of the bond is not limited to workers who personally perform manual labor.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.