[Civ. No. 19680.   Second Dist., Div. One.   Sept. 25, 1953.]

SOUTHERN HEATERS CORPORATION (a Corporation), Respondent, v. NEW YORK CASUALTY COMPANY (a Corporation), Appellant.

Boller, Suttner & Boller for Appellant.

Austin, Austin, Jones & Chaffee and Irving P. Austin for Respondent.

SCOTT (Robert H.), J. pro tem.—Defendant appeals from an adverse judgment awarding damages upon a contractor's surety bond. It states that the facts are not in dispute.

John R. Donaldson was doing business at 600 East Front Street in Ventura, California, under two fictitious firm names as sole owner: (1) Allison Supply Company, and (2) Traveling Mechanics. Under the name Traveling Mechanics he entered into a contract as subcontractor with Hal B. Hayes Construction Company, the general contractor, to furnish and install all plumbing at the Edwards Base Housing Project. The Hayes Company required completion bonds and Donaldson secured one G. Vella as an individual indemnitor for Donaldson individually and doing business under both of his fictitious names, Traveling Mechanics and Allison Supply Company, and that agreement being signed by Donaldson and Vella. He also secured a bond executed by defendant, as surety, which secured payment of claims for *labor and materials used in the work* in which Traveling Mechanics was named as principal and defendant was named as surety in favor of the Hayes Company and signed by defendant and by "Traveling Mechanics by John R. Donaldson."

John R. Donaldson, using his fictitious name of Allison Supply Company, placed an order with the sales agent of plaintiff for 550 water heaters and 550 magnesium rods. These were charged to Allison Supply Company but each invoice was carefully marked for the "Muroc" (Edwards Base) job. These heaters went directly to the job site from plaintiff's plant in Compton in a truck driven by Donaldson's only truck driver, Charles Henderson. This truck driver and all other employees of Donaldson were paid by him under the name Traveling Mechanics. Allison Supply Company had no payroll.

When Donaldson was billed for payment under the name Allison Supply Company his bookkeeper would bill Donaldson under the name Traveling Mechanics at a price markup. Donaldson's bookkeeper testified that this markup was the

difference between the manufacturer's price per unit of $31 and the wholesale price per unit of $47 resulting in a profit of $16 per unit. No checks passed between Traveling Mechanics and Allison Supply Company for this Edwards Base job but there were checks from the above named G. Vella received on this account.

The heaters and rods were installed on the Edwards Base job and were paid for in part. Plaintiff filed and recorded a mechanic's lien for the balance and served on defendant a notice of furnishing said materials. The judgment awarded plaintiff the amount of its claim for the unpaid balance of the purchase price.

Defendant states its two points on appeal as follows:

I. The trial court erred in finding the defendant surety liable for the default of Donaldson as "Allison Supply Co." where it contracted only for the liability of Donaldson as "Traveling Mechanics."

II. The plaintiff manufacturer, having furnished supplies to a materialman, was not entitled to the benefits of a mechanic's lien, or an action on the bond.

█ When a bond is given for the purpose of complying with the mechanic's lien law (Code Civ. Proc., § 1183 et seq.) the terms of the statute are to be read into the bond and control its interpretation and effect. (*Carpenter* v. *National Surety Co.*, 25 Cal.App.2d 90, 93 [76 P.2d 523].) █ "If any doubt remains as to the proper interpretation of the bond, we should be governed by the express statutory direction that it shall 'be construed most strongly against the surety and in favor of all persons for whose benefit' it is given." (*Myers* v. *Alta Construction Co.*, 37 Cal.2d 739, 743 [235 P.2d 1].)

█ From the record it is apparent that John R. Donaldson operated one business at one address. He had recorded two fictitious names under sections 2466 and 2468 of the Civil Code, which are designed to protect those dealing with an individual doing business under a fictitious name. (*Bank of America* v. *National Funding Corp.*, 45 Cal.App.2d 320, 327 [114 P.2d 49].) This was a device by which he presumably hoped to profit but apparently did not succeed. We may assume that the trial court concluded that defendant surety company was aware of the two fictitious names covering one man operating one business. It could infer that defendant would be concerned as to Donaldson's agreement with the

individual indemnitor, G. Vella, and that it had learned that this agreement covered Donaldson under both fictitious names.

There can be no doubt that the evidence supports the trial court's implied finding that Donaldson was a subcontractor, acting under the general contractor, as agent of the owner and that he was not a materialman. This distinguishes the instant case from that of *Harris & Stunston, Inc.* v. *Yorba Linda Citrus Assn.*, 135 Cal.App. 154, 157 [26 P.2d 654], relied on by appellants, in which the trial court was sustained in its finding that the party under consideration was a materialman and not a subcontractor acting as the agent of the owner. Other cases cited by appellant do not require discussion because they in no way strengthen its case on appeal.

Judgment affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied October 14, 1953, and appellant's petition for a hearing by the Supreme Court was denied November 19, 1953.