[No. C047075. Third Dist. Mar. 15, 2006.]

GILL PETROLIUM, INC., Plaintiff and Appellant, v.
AMRIK S. HAYER et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I, II and IV.

## COUNSEL

Jay-Allen Eisen Law Corporation, Jay-Allen Eisen, C. Athena Roussos; Kerr Law Group, Bruce L. Kerr and D. Robert Morris for Plaintiff and Appellant.

Dell'Ario & LeBoeuf, A. Charles Dell'Ario, Jacques B. LeBoeuf; and Harvey W. Stein for Defendants and Respondents.

## OPINION

**SCOTLAND, P. J.**—Plaintiff Gill Petrolium, Inc., obtained an unlawful detainer judgment against defendants Amrik S. Hayer and Manjinder S. Hayer, which declared the forfeiture of defendants' lease of the business premises and awarded plaintiff "per diem damages" for the period of time in which defendants were in the premises after expiration of the three-day notice to pay rent or vacate the premises. Thereafter, the trial court granted defendants' motion for relief from forfeiture of the lease (Code Civ. Proc., § 1179) and ordered that "equity will be served if Defendants pay to Plaintiff only the contract amount of rent (including . . . penalties and interest) as opposed to the per diem damages set forth in the judgment . . . ." (Further section references are to the Code of Civil Procedure unless otherwise specified.) Plaintiff appeals.

In the published portion of this opinion, we reject plaintiff's claim that the trial court "had no jurisdiction under [section] 1179 to reconsider and modify the [per diem] damages awarded in the judgment." Section 1179 provides that the court "may relieve a tenant against a forfeiture of a lease . . . *and* restore [the tenant] to his or her former estate or tenancy, in case of hardship . . . ." (Italics added.) As we will explain, section 1179 gives the court the authority to relieve a defendant of burdens of the judgment in an unlawful detainer action. It provides the court with broad equitable discretion to determine the conditions upon which relief will be granted " 'to the end that exact justice may be done.' " (*Schubert v. Lowe* (1924) 193 Cal. 291, 295 [223 P. 550].) If, as plaintiff suggests, the power under section 1179 were limited to removing from an unlawful detainer judgment the declaration of the forfeiture of a lease, then the court in many instances would be unable to provide the other relief authorized by the statute, i.e., to restore the tenant to his or her former tenancy.

In the unpublished parts of this opinion, we reject the parties' other contentions, including plaintiff's claim that the trial court erred in granting relief from forfeiture. Consequently, we shall affirm the court's order.

## FACTS

The parties' business relationship began in 1999, when defendants purchased an ongoing business located in Oroville. The business, which consists of a market and gas station, was known as Cosby's Market and has since been renamed the Lakeside Market. The business, which was owned by Rosewood Investments, Inc., and the premises, which belonged to plaintiff, appear to have common ownership and were under the control of Mohinder Gill. Defendants purchased the business from Rosewood Investments, Inc., for $626,965. They entered into a long-term lease with plaintiff for the premises.

The lease had an initial term of 10 years. It gave defendants four options to extend for five-year periods. The initial rent was $6,200 per month. The rent would increase by $350 after five years and by another $350 after 10 years. The lease also provided for rent increases between 5 and 10 percent, based upon the cost of living, at the commencement of the option periods.

The lease contained a provision requiring disputes to be resolved through arbitration. That provision specifically excluded from its scope the failure of the lessee to pay rent or additional rent.

The lease provided: "Lessee is responsible to obtain, maintain in effect all permits to operate tanks and gas station and pay all city, county, state and federal environment fees for the operation of gas station." If defendants failed to make any payment for which they were obligated, the lease provided that plaintiff could make the payment and the sums would be deemed additional rent payable upon demand.

By statute, the owner or operator of an underground gasoline storage tank is required to obtain a permit. (Health & Saf. Code, § 25284.) Fees, based on gallonage, are imposed for the operation of an underground storage tank. (Health & Saf. Code, §§ 25299.41–25299.43.) The owner of the tank is responsible for payment of the fees, even if it has by contract required an operator of the tank to pay the fees. (Cal. Code Regs., tit. 18, §§ 1212–1213.) While the owner remains ultimately responsible for the payment of fees, an owner is not precluded from requiring an operator to pay the fees. (*Ibid.*)

Here, the parties dispute whether the obligation and extent of underground storage tank fees were disclosed in the negotiations to purchase the business and lease the premises. It appears the fees were not paid during the period in which Rosewood Investments, Inc., operated the business before defendants purchased it. When defendants took over the business, they did not pay the fees.

Eventually, plaintiff told defendants that they were obligated to pay the underground storage tank fees and asked for proof that they were doing so. Defendants did not immediately respond; however, at various times they have asserted that (1) plaintiff is obligated to pay the fees pursuant to the lease, (2) plaintiff committed fraud in failing to disclose the nature and extent of the fees during negotiations, and (3) state law imposes the obligation for the fees upon the owner rather than the operator of an underground storage tank.

After several months and various correspondence failed to resolve the matter, plaintiff filed an unlawful detainer complaint. Defendants responded that the matter was subject to arbitration. Plaintiff agreed with that assertion and did not go forward with the unlawful detainer action.

In June 2001, plaintiff paid the State Board of Equalization $31,526 for underground storage tank fees for the third quarter of 1999 through the first quarter of 2001. Plaintiff demanded that sum from defendants as additional rent under the lease. When defendants did not pay, plaintiff served them with a three-day cure or quit notice, and then filed a complaint for unlawful detainer. On defendants' petition, the trial court referred the matter to arbitration to determine whether the dispute was subject to arbitration.

The arbitrator concluded that the lease imposed on defendants the obligation for payment of the underground storage fees. When plaintiff paid the fees and demanded reimbursement from defendants, the fees became additional rent under the lease. Since the lease's arbitration provision excluded from its coverage a failure to pay rent or additional rent, the arbitrator determined that dispute was not subject to arbitration. The arbitrator awarded attorney fees and costs to plaintiff.

After arbitration concluded, plaintiff discovered a flaw in the unlawful detainer complaint. The fees plaintiff had demanded from defendants as additional rent, $31,526, included fees for the entire third quarter of 1999, while defendants had been in possession under the lease for only one month of that quarter. Plaintiff dismissed the unlawful detainer complaint and started anew with a demand for the corrected sum of $23,509. However, defendants failed to pay, and eventually another complaint for unlawful detainer was filed.

There was, at that time, a prior unlawful detainer complaint that had not been dismissed. When defendants demurred on the ground of a prior action pending, plaintiff dismissed both complaints and filed yet another complaint for unlawful detainer.

Following a trial, the court found in favor of plaintiff and entered a judgment forfeiting the lease, ordering restoration of the premises to plaintiff,

awarding plaintiff damages, and declaring plaintiff's right to reasonable attorney fees and costs. The court granted a temporary stay of the judgment, provided that defendants performed certain conditions.

Defendants petitioned for relief from forfeiture. (§ 1179.) When the matter came on for hearing, the trial court indicated an intent to grant the petition for relief. The parties were given the opportunity to confer and were able to stipulate to most of the conditions to be imposed upon defendants in return for relief from forfeiture.[1]

There were two matters on which the parties could not agree. First, at trial of the unlawful detainer action, Mohinder Gill had opined that the fair rental value of the premises was $10,200 per month or $340 per day. The unlawful detainer judgment awarded plaintiff "per diem damages" in the amount of $340 per day for all of the time defendants were in possession of the premises after the expiration of the three-day cure or quit notice.[2] Defendants sought relief from the per diem damages in favor of the rent called for in the lease.

Second, soon after the unlawful detainer judgment was entered, plaintiff negotiated a lease for adjoining property with a new tenant. The new tenant's business would include propane and pizza sales, which would compete with defendants' business. The tenant also intended to build a car wash that could interfere with the view of defendants' market from the roadway. Under their lease, defendants' consent was required for these uses of adjoining property. Plaintiff asked the trial court to require defendants to consent to the new lease as a condition of relief from forfeiture.

The trial court ruled in favor of defendants on each of the disputed issues. It entered an order granting relief from forfeiture and incorporating the parties' stipulated conditions.

---

[1] The unlawful detainer complaint was based solely on the nonpayment of rent in the form of the underground storage tank fees. However, there were other matters of dispute that were resolved by the stipulated conditions, including such things as the types and amounts of insurance defendants were required to maintain, and responsibility for the repair and maintenance of the building and equipment.

[2] Defendants did not present evidence of fair rental value at the trial of the unlawful detainer complaint. In support of their petition for relief from forfeiture, defendants submitted the declaration of a commercial property appraiser, who disputed Mohinder Gill's reasoning and concluded the fair rental value would not exceed $6,800 per month.

## DISCUSSION

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

In the unlawful detainer judgment, the trial court awarded plaintiff per diem damages in the amount of $340 for every day defendants remained in possession of the premises after expiration of the three-day cure or quit notice. This was based upon the testimony of Mohinder Gill that, in his opinion, the premises had a fair rental value of $340 per day. This amount was substantially more than the rent specified in the lease. In granting relief from forfeiture, the trial court held that "equity will be served if Defendants pay to Plaintiff only the contract amount of rent (including, of course, the underground storage tank fees, penalties and interest) as opposed to the per diem damages set forth in the judgment . . . ."

Plaintiff contends the trial court lacked jurisdiction to order defendants to pay the contract rent rather than per diem damages. It relies upon the decision in *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602 [275 Cal.Rptr. 887], where the court said: "Once judgment has been entered, however, the court may not reconsider it and loses its *unrestricted* power to change the judgment. It may correct judicial error only through certain limited procedures such as motions for new trial and motions to vacate the judgment." (*Id.* at p. 1606, original italics; see also *Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1236–1237 [58 Cal.Rptr.2d 217].)

■ In the decisions upon which plaintiff relies, motions for a new trial and motions to vacate a judgment are illustrative rather than exhaustive. There are other procedures by which, in an appropriate case, a judgment may be modified. (See, e.g., 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, §§ 81–84, pp. 610–615.) And courts retain the inherent equitable power to relieve a party from the burdens of a judgment, again in an appropriate case. (See 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 214 et seq., p. 718 et seq.)

■ Section 1179 is a specific statutory procedure that vests a trial court with the authority to affect a judgment after its entry.[5] The provision applies

---

*See footnote, *ante*, page 826.

[5] Section 1179 states: "The court may relieve a tenant against a forfeiture of a lease or rental agreement, whether written or oral, and whether or not the tenancy has terminated, and restore

solely in unlawful detainer actions. (*Pehau v. Stewart* (1952) 112 Cal.App.2d 90, 99 [245 P.2d 692].) It vests the court with discretion to relieve a tenant from forfeiture and restore him or her to his or her former estate or tenancy. So long as the court imposes the statutory conditions, the full payment of rent due or full performance of conditions or covenants so far as practicable, the court has broad equitable discretion to determine the conditions upon which relief will be granted. (*Olympic Auditorium, Inc. v. Superior Court* (1927) 81 Cal.App. 283, 287 [253 P. 944].)

While section 1179 mandates that the trial court require the full payment of rent due, it does not make the court require the tenant to pay other sums. Indeed, if as plaintiff suggests, the court's power is limited to removing from the unlawful detainer judgment the declaration of forfeiture, then the court in many instances would not be able to provide the other relief authorized by the statute, namely, to restore the tenant to his or her former estate or tenancy. We find the words of California's Supreme Court compelling: " 'The power of a court of equity is invoked by plaintiff in every action in forcible detainer, when he seeks in his complaint to have a forfeiture declared on account of default in conditions of the lease. . . . If such an equitable power is in a court in cases of this class, of which we have no doubt, no reason is apparent why such equitable power may not be extended into a full examination of all the equities involved, to the end that exact justice may be done.' " (*Schubert v. Lowe, supra,* 193 Cal. at p. 295, quoting *Gray v. Maier & Zobelein Brewery* (1906) 2 Cal.App. 653, 658 [84 P. 280].)

█ Section 1179 does not, by its terms or by clear implication, limit a trial court's equitable discretion in the manner suggested by plaintiff. To the contrary, to fully serve its purpose, the statute must be construed to vest the trial court with equitable power to consider and adjust all of the equities between the parties. We perceive no reason to impose artificial judicial limitations upon the court's exercise of its equitable authority. Accordingly, we reject plaintiff's contention.

---

him or her to his or her former estate or tenancy, in case of hardship, as provided in Section 1174. The court has the discretion to relieve any person against forfeiture on its own motion. [¶] An application for relief against forfeiture may be made at any time prior to restoration of the premises to the landlord. The application may be made by a tenant or subtenant, or a mortgagee of the term, or any person interested in the continuance of the term. It must be made upon petition, setting forth the facts upon which the relief is sought, and be verified by the applicant. Notice of the application, with a copy of the petition, must be served at least five days prior to the hearing on the plaintiff in the judgment, who may appear and contest the application. Alternatively, a person appearing without an attorney may make the application orally, if the plaintiff either is present and has an opportunity to contest the application, or has been given ex parte notice of the hearing and the purpose of the oral application. In no case shall the application or motion be granted except on condition that full payment of rent due, or full performance of conditions or covenants stipulated, so far as the same is practicable, be made."

## IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The trial court's order granting relief from forfeiture is affirmed. Plaintiff shall reimburse defendants for their costs on appeal. (Cal. Rules of Court, rule 27(a).)

Sims, J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 14, 2006, S142929.

---

*See footnote, *ante*, page 826.