Filed 1/22/14

# TO BE PUBLISHED IN THE OFFICIAL REPORTS

This opinion has been certified for publication in the Official Reports. It is being sent to assist the Court of Appeal in deciding whether to order the case transferred to the court on the court's own motion under rules 8.1000-8.1018.

**CERTIFIED FOR PUBLICATION**

### APPELLATE DIVISION OF THE SUPERIOR COURT

### OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| SRO HOUSING, | ) | BV 030540 |
| | ) | |
| Plaintiff and Respondent, | ) | (Central Trial Court |
| | ) | No. 13U03636) |
| v. | ) | |
| | ) | |
| JAMES DYCE, | ) | |
| | ) | |
| Defendant and Appellant. | ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert Harrison, Commissioner. Reversed.

Eviction Defense Network, Elena I. Popp, Magda Madrigal, Jennifer Ganata, Carol Kim, Sonya Servin, and Mathew J. Sollett, for Defendant and Appellant.

Jack L. Schwartz, for Plaintiff and Respondent.

\*       \*       \*

1

INTRODUCTION

Defendant James Dyce appeals the trial court's denial of his motion made pursuant to Code of Civil Procedure section 1179,[1] contending that the trial court erred in refusing to consider the merits of his motion due to the existence of a default judgment entered against him. We find defendant's contention to be meritorious and therefore reverse.

BACKGROUND

On March 26, 2013, plaintiff SRO Housing filed an unlawful detainer complaint against defendant alleging that defendant failed to pay the rent from November 2012 through March 2013 for the rental of the premises located at 42 East 5th Street, #204, in Los Angeles, California. The complaint further alleged that there existed a one-year lease, and the action was brought solely for the non-payment of rent. Defendant was served with a three-day notice to pay rent or quit demanding $788 in past-due rent. The register of actions indicates that default and default judgment were entered against defendant and in favor of plaintiff on April 8, and April 10, 2013, respectively.

On April 26, 2013, defendant filed a motion to set aside default and vacate judgment, asserting that he was not personally served with the summons and complaint on March 30, 2013, as stated in the proof of service, and that he only found the summons and complaint posted on his door on April 18, 2013. Defendant sought relief under section 473, subdivision (d) on the basis that judgment was void for lack of proper service; section 473.5 on the basis that service did not result in actual notice of the action in time to defend; and 473, subdivision (b) based on his mistake, inadvertence, surprise, or excusable neglect.

Alternatively, defendant sought relief from forfeiture of his lease pursuant to section 1179. Defendant stated that he was elderly, disabled, and had a myriad of medical ailments which limited his mobility and required him to walk on crutches. He was under the care of mental health professionals and taking medication. He stated that if his motion were denied he

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

would be rendered homeless due to his age, disabled status, and "reliance on a Section 8 voucher."

On May 6, 2013, the court denied the motion, finding that defendant was served with summons and complaint on March 30, 2013, and there was "no grounds for relief." The court refused to entertain a hearing on a motion for relief from forfeiture under section 1179 on the basis that "such relief is only available from a judgment upon *trial* under [section] 1174," and that the statute did not apply to default judgments. (Italics added.)

This timely notice of appeal was filed.

DISCUSSION

The issue on appeal herein is whether the trial court erred in failing to exercise its discretion and consider the merits of defendant's motion for relief from forfeiture made under section 1179 because plaintiff's judgment had been obtained through a default. It is well established that "[a] trial court's failure to exercise discretion is itself an abuse of discretion, and we review such action in accordance with that standard of review. [Citations.]" (*In re Marriage of Gray* (2007) 155 Cal.App.4th 504, 515.)

In the case *sub judice*, the trial court denied relief under section 473 and 473.5, and yet declined to hear defendant's motion under section 1179 as defendant was in default.

Section 1179 states in relevant part, "The court may relieve a tenant against a forfeiture of a lease, or rental agreement, . . . whether or not the tenancy has terminated, and restore him or her to his or her former estate or tenancy, *in case of hardship*, as provided in Section 1174.[2] The court has the discretion to relieve *any person* against forfeiture on its own motion." (Italics added.) Nothing in section 1179 precludes the trial court from exercising discretion to relieve a

---

[2]Section 1174 provides that judgment for possession may be granted and the lease forfeited "upon the *trial*, the verdict of the jury, or, . . . the findings of the court" (§ 1174, subd. (a), italics added), and the court or jury shall assess damages proved at *trial* (§ 1174, subd. (b), italics added). The trial court relied on section 1174 in declining to rule on defendant's section 1179 motion, employing the rationale that a motion under section 1179 can only be directed at a judgment entered after a trial under section 1174, not a default judgment. However, section 1174 has been applied to cases involving default judgments in unlawful detainer proceedings. (See *Buck v. Morrossis* (1952) 114 Cal.App.2d 461, 466-468.)

3

party against forfeiture due to the existence of a default judgment. (*Shupe v. Evans* (1927) 86 Cal.App. 700, 704 [holding that relief from default judgment in unlawful detainer action may be had under either section 1179 or 473]; see *Superior Motels, Inc. v. Rinn Motor Hotels, Inc.* (1987) 195 Cal.App.3d 1032, 1063-1064 [section 1179 relief from a forfeiture obtained through default lies within the discretion of the trial court].)

So long as the court imposes the statutory conditions, the full payment of rent due or full performance of conditions or covenants so far as practicable, the court has broad equitable discretion to relieve a tenant from forfeiture and restore him to his former tenancy "in case of hardship." (§ 1179; *Gill Petrolium, Inc. v. Hayer* (2006) 137 Cal.App.4th 826, 833.)

The trial court was required to hear defendant's motion under section 1179 and exercise its discretion to either deny or grant the motion, even though the judgment from which defendant was seeking relief was obtained by default. Thus, we find the court abused its discretion in failing to consider the merits of defendant's motion under section 1179.

## DISPOSITION

The order denying the motion for relief under section 1179 is reversed, and the matter is remanded to the trial court for a hearing consistent with this opinion.

Defendant to recover costs on appeal.

KEOSIAN, J.

WE CONCUR.

KUMAR, ACTING P. J.

RICCIARDULLI, J.

4